GULL RIVER LUMBER COMPANY, Plaintiff and Respondent, *v.* SCHOOL DISTRICT No. 39, Barnes County, D. T., Defendant and Appellant.

## 1. Practice—Findings of Fact.

Where the trial court determines the issues of fact without a jury, the requirement of the statute as to findings is mandatory, and not directory. In such cases it is the duty of the trial court without request to make express findings of the ultimate facts which are material and arise upon the pleadings. Accordingly where the district court, in such case, made no express findings of the ultimate facts which were in issue, but instead of doing so adopted certain documentary evidence, and a certain stipulation of facts, as its findings of fact, and from such findings drew certain legal conclusions, upon which judgment was entered, *held* reversible error.

## 2. Capital Bank v. School District Followed.

Upon the merits this case will be governed by the principles of law laid down in another case like it, decided at the present term of this court, *i. e.*, Capital Bank of St. Paul v. School District No. 53, ante, 479.

(Opinion Filed November 29, 1890.)

*A*PPEAL from district court, Barnes county; Hon. WILLIAM H. FRANCIS, Judge.

*Herman Winterer* and *F. H. Remington*, for appellant; *White & Hewit*, for respondent.

A rehearing was granted and the decision of the court on the rehearing was handed down March 16, 1891

WALLIN, J.  This is an appeal from a judgment in favor of the plaintiff for $3,210.68.  The complaint is as follows: "The plaintiff alleges  *First.*  That plaintiff is, and at the times hereinafter mentioned was, a corporation duly created, organized and existing under and by virtue of the laws of the state of Minnesota, and doing business as such at Gull River, Minnesota; that defendant is, and at the times hereinafter mentioned was, a corporation duly created, organized and existing under and by virtue of the laws of the territory of Dakota, and doing business as such in the county of Barnes, territory of Dakota. *Second.* That on or about the 2d day of August and 11th day of September, 1882, respectively, defendant, for value, made, executed, and delivered to one J. C. Drake its two certain orders or warrants upon its treasurer as follows: 'No. 1.  Territory of Dakota.  Aug. 2, 1882.  Treasurer of school district No. 39 of Barnes county:  Pay to J. C. Drake, or bearer, one thousand dollars out of any moneys in the district treasury belonging to the building fund not otherwise appropriated, for building school house.  F. H. Abbott, District Clerk.  A. T. Anderson, Director.  $1,000.00.'  'No. 3.  Territory of Dakota.  Sept. 11, 1882.  Treasurer of school district No. 39 of Barnes county: Pay to J. C. Drake, or bearer, eleven hundred and forty-six dollars and seventy-four cents out of any moneys in the district treasury belonging to the school house fund, not otherwise appropriated, for building school house.  F. H. Abbott, District Clerk.  A. T. Anderson, Director.  $1,146.74.'  *Third.* That on the said 2d day of August and 11th day of September, 1882, respectively, said J. C. Drake duly presented said orders for payment to Clemens Schmidt, treasurer of defendant; that payment of the same was on said date refused, and the following endorsement made upon the backs of the same on said dates: 'Presented for payment, and not paid for want of funds; payable at the First National Bank of Valley City, with interest at 10 per cent. per annum.  Clemens Schmidt, Treas., School District No. 39, Barnes Co., D. T.'  *Fourth.* That thereafter, during the year 1882, (the precise date plaintiff cannot now state)

said J. C. Drake, for a valuable consideration, sold, assigned, indorsed, and transferred said orders to plaintiff, and the indebtedness for which the same were given. *Fifth.* That on August 2, 1882, and September 11, 1882, as aforesaid, and at various times subsequently thereto, said orders were presented to the treasurer of defendant for payment, and payment thereof refused, and that no part thereof has ever been paid. *Sixth.* That plaintiff is now the legal owner and holder of said orders and claims, and that the same are now due and payable, and that there is due from defendant to plaintiff thereon the sum of twenty-one hundred and forty-six and seveny-four one-hundredths dollars, with interest thereon, as aforesaid."

To which complaint defendant answered as follows: "The above-named defendant, answering the complaint in this action, denies any knowledge or information sufficient to form a belief as to whether the plaintiff is, or at the times mentioned in the complaint was, a corporation, created, organized, or existing under or by virtue of the laws of the state of Minnesota, or doing business as such at Gull River, Minnesota. Defendant denies that on or about the 2d day of August or the 11th day of September, A. D. 1882, or at any other time, defendants made, executed, or delivered to one J. C. Drake, its two warrants or orders mentioned in said complaint, or either of said warrants or orders. Defendant denies any knowledge or information sufficient to form a belief as to whether on said 2d day of August or 11th day of September, A. D. 1882, or at any other time, said J. C. Drake presented said orders for payment to Clemens Schmidt, treasurer of defendant, or as to whether payment of the same was on said date refused, or as to whether the indorsement mentioned in the complaint was made upon the back of the same. Defendant denies any knowledge or information sufficient to form a belief as to whether J. C. Drake sold, assigned, indorsed, or transferred said orders, or either of them, to the plaintiff, or the indebtedness for which the same were given. Defendant denies any knowledge or information sufficient to form a belief as to whether on August 2, 1882, and September 11, 1882, or at any other time, said orders were presented to the treasurer of defendant for payment, or payment thereof refused. Defend-

ant denies that no part of said warrants or orders has been paid. Defendant denies any knowledge or information sufficient to form a belief as to whether the plaintiff is now the legal owner or holder of said warrants or orders; and the defendant denies that the same are now due or payable, or that there is due from defendant to plaintiff thereon the sum of twenty-one hundred and forty-six and 74-100 dollars, with interest thereon, or any other sum.  For a second and further answer and defense to the complaint in this action, the defendant alleges that the two warrants mentioned in the complaint were issued by the director and clerk of defendant for building a school house, and furnishing materials for the same; that the assessed valuation of all property, both real and personal, in school district No. 39, Barnes county, territory of Dakota, in the year A. D. 1882, and at the time said warrants were issued, was eighteen thousand seven hundred and ten dollars; that each of said warrants exceeded one per cent. on the taxable property in said district; that each of said warrants exceeded one and one-half per cent. on the taxable property in said district; that the school board of said district was never directed or authorized by any district meeting in said district to incur an indebtedness for which said warrants were issued, and the incurring of said indebtedness was never ratified or sanctioned in any way by any district meeting in said district, but, on the contrary, at a district meeting in said district, held on the third day of May, A. D. 1882, a motion was made, seconded, and carried to raise eight hundred dollars for building a school house, and no direction was ever given to the school board to expend any greater amount for such purpose; that the defendant has no title to the land upon which the school house for which said warrants were issued is situated, and no proceedings were ever instituted for the purpose of acquiring title to the same, or to acquire the right to build said school house thereon."

A bill of exceptions was allowed and signed, which, among other things, shows that the case came on for trial before the district court at the June term in 1888, and a jury was waived. Also the following: "The attorneys for the plaintiff and defendant agreed by written stipulation as to the evidence in the case,

which evidence and stipulation are as follows:" Here follows certain documentary evidence, to-wit, the original school orders, copies of which are set out in the complaint, with the endorsements thereon, which were put in evidence as Exhibts A and B, respectively; then exhibit C was put in evidence, which was a certain book, called upon its title page "School District No. 39, County of Barnes. District Clerk's Record Book." Exhibit C embraces 11 pages of the abstract filed in this court, and consists of records kept by the clerk of the district of the proceedings had at all the corporate meetings of the district from and including May 2, 1882, to and including July 26, 1887; also the record of the proceedings had at two meetings held by the school board of said district. After the exhibits came the said stipulation of facts, which reads as follows: "The plaintiff and defendant are each corporations, as alleged in the complaint, and were at the times therein set forth. The signatures to the warrants hereto attached, which are admitted in evidence, and marked exhib. 'A' and 'B,' are the genuine signatures of the then acting district clerk and district director; and the signature to the endorsements certifying to the same is the genuine signature of the then acting treasurer. These signatures were made on the respective dates of the instruments and indorsements aforesaid. These were the legal officers of the defendant at that time. The exhibits aforesaid are the warrants in suit in this matter. The plaintiff is, and at the time this suit was brought was, the owner and holder of said warrants by the indorsement and transfer of the same set forth in the complaint. There have been no payments made on the same excepting the payments endorsed on the back of exhibit B, which correctly shows the payments made, and their manner and dates. They were made by the county treasurer. The said orders were issued as follows: Exhibit A during the progress of the building of the school house, and Exhibit B at the time of its completion; and were given in pursuance of contract made between the school board of defendant and J. C. Drake, and for the amount agreed upon by said contract. The assessed valuation of all property in said district at the time said warrants were issued was $18,710.00, including both real and personal. Said district

is not in any city or town, and did not at that time contain 1,000 inhabitants.   The title to the land on which the school building is located is not, and never has been, in the defendant, nor sought to be obtained in any way.   The book called upon its title page 'School District No. 39, County of Barnes.   District Clerk's Record Book,' constitutes the school district records of the defendant.   They are what they purport to be, and the minutes therein are what they purport to be—minutes of meetings of the school district—excepting the minutes dated May 12, 1882, and the one immediately following, without date. The latter two are the minutes of meetings of the school board of defendant.   The building is 26x36 feet, with 12 foot posts, and is brick-veneered.   The building has been used since its completion and up to the present time continuously for all school purposes.   School has been held there from the first, and teachers hired by authority of the district, with the knowledge that they would teach in the building in question; and all apparatus provided as appears by the minutes has been placed in that building, and all school district meetings have been held therein.   Before the time of the annual meeting held in 1883 by defendant, and shortly after the building was completed, it became generally known to the people of the district that the orders in suit had been issued for the purchase of the building; and many of the people thought that an $800.00 building should have been built instead, as authorized by the first district meeting.   The orders in question have never been audited by defendant.   A special meeting of defendant was duly called and held some time before the annual meeting in 1886, to consider the question of appointing an auditing committee, and bonding for these orders in suit under the special bonding law of 1885.   The orders in suit and their amount were stated at that meeting and discussed, and it was decided not to bond for the amount or any other amount, or to appoint an auditing committee.   The annual meeting of 1886 was held later than that, on June 29, 1886.   The clerk's record, above referred to, is offered and received in evidence, and marked 'Exhibit C,' it being agreed by counsel that copies of all its records be made and certified to by the clerk of the court at Valley City, and attached hereto, and the book be

returned to the defendant; and also it is agreed that certified copies of the warrants Ex. A and B be attached hereto in place of the originals, they being retained. The foregoing is agreed to be all the facts in this issue, and is hereby submitted as such. Dated June 29, 1888. WHITE & HEWIT, Attorneys for Plaintiff. F. H. REMINGTON, HERMAN WINTERER, Attorneys for Defendant."

Said stipulation, together with the documentary evidence, (Exhibits A, B, and C,) was filed with the clerk of the district court, before the case was submitted for determination, and on June 29, 1888; and said documentary evidence and stipulation of agreed facts embraced all the evidence and facts upon which the district court proceeded to determine the case. The cause having been submitted to the district court for its determination, that court determined the issues, and filed its decision in writing, which decision is as follows: "This cause coming on to be heard on the pleadings and papers herein, and the facts in the case having been stipulated in writing by the attorneys for the respective parties hereto, and filed with the clerk of this court on June 29, 1888, the court now here adopts said facts so stipulated as its own findings of fact in this case—that there is due plaintiff on the warrant in suit $3,180.18; and as conclusion of law thereon finds that plaintiff is entitled to judgment against defendant for the sum of three thousand one hundred and eighty dollars and eighteen cents ($3,180.18) and the costs and disbursements of this action, to be taxed according to law, and judgment is ordered and granted accordingly. Dated and signed this August 2, 1888. By the court, WILLIAM H. FRANCIS, Judge."

Upon this decision judgment was entered in favor of the plaintiff. In due time defendant filed its exceptions to the decision and findings, which exceptions were allowed, and are as follows: "The defendant in this action hereby makes the following objections and exceptions to the findings of fact and conclusions of law contained in the decision of the court, dated the 2d day of August, 1888, and filed in the office of the clerk of this court in and for Barnes county, on the 4th day of August, 1888: *First.* The defendant objects and excepts to the said

findings of fact that there is due plaintiff upon the warrants in suit $3,180.18, upon the ground that there is nothing due. *Second.* The defendant objects and excepts to the said findings of fact upon the ground that they do not determine all or any of the issues of fact raised by the pleadings. The facts agreed upon were not facts put in issue by the pleadings, but facts in the nature of evidence, bearing upon the facts put in issue by the pleadings, and from which the facts in issue could be determined either for the plaintiff or the defendant. This the court has not done, and hence the findings of fact are insufficient. *Third.* The defendant objects and excepts to the conclusion of law contained in said decision, that plaintiff is entitled to judgment against the defendant for the sum of three thousand one hundred and eighty dollars and eighteen cents and the costs and disbursements of this action, to be taxed according to law, upon the ground that it is against the law. *Fourth.* The defendant objects and excepts to said conclusion of law upon the ground that the officers of the defendant exceeded their power in issuing the warrants in suit. *Fifth.* The defendant objects and excepts to the said conclusion of law upon the ground that each of the warrants in suit exceeded one per cent. and exceeded one and one-half per cent. upon the taxable property in said district, and exceeded the amount which the district was allowed by law to raise by tax for the purpose of building a school house. *Sixth.* The defendant objects and excepts to the said conclusion of law upon the ground that the warrants in suit exceeded $1,500.00 and exceeded the amount for which the district was allowed by law to bond for the purpose of building a school house. *Seventh.* The defendant objects and excepts to the said conclusion of law upon the ground that the warrants in suit exceeded $800, and exceeded the amount which the people of the district, assembled in district meeting, authorized to be expended for the purpose of building a school house. *Eighth.* The defendant objects and excepts to said conclusion of law upon the ground that the issuing of the warrants or the making of the contract upon which they were issued was never authorized to be expended for the purpose of building a school house. *Ninth.* The defend-

ant objects and excepts to said conclusion of law upon the ground that the issuing of the warrants or the making of the contract upon which they were issued was never authorized by any district meeting of defendant. *Tenth.* The defendant objects and excepts to said conclusion of law upon the ground that the issuing of the warrants in suit or the making of the contract upon which they were issued has never been ratified or sanctioned by any district meeting of the defendant. *Eleventh.* The defendant objects and excepts to the said conclusion of law upon the ground that the defendant has never had title to the land upon which the school building for which the warrants in suit were issued is located.

In this court appellant assigns numerous errors, which assignments need not be set out at length, as they are all based upon the foregoing exceptions to the findings of the trial court. The assignment of errors squarely presents, among others, a preliminary question of precedure of controlling importance in disposing of this case, and one, too, which is of much interest to the profession in its bearings upon the matter of procedure in all cases where the issues of fact are tried to the court without a jury. The point is this: Did the court in this case prepare and sign findings such as are contemplated by the statute regulating such findings? Comp. Laws, §§ 5066–5069. We have concluded that a negative answer must be given to this question. Findings were not waived, nor did the district court exercise its right to require counsel to frame and present proposed findings to the court. Prudent practitioners often volunteer and present proposed findings to the court, but this was not done in this case; nor does the statute or rules of practice require it to be done in any case. Findings not having been required by the court nor voluntarily presented by counsel, the duty of preparing and signing findings of fact and of law is one which the statute expressly devolves upon the court itself. The statutory requirement is explicit and positive in its terms; and the courts of other states, where substantially the same provisions are found, have uniformly construed the language as being mandatory, and not directory merely. Such construction accords with our own views. To hold that the statute is direct-

ory only would, in our opinion, impair its efficiency. Hayne, New Trial & App. § 238. Express findings are required upon every material issue raised by any pleading, and, if any are left unfound it is ground for reversal. Id. § 239; People v. Forbes, 51 Cal. 628; Billings v. Everett, 52 Cal. 661; Speegle v. Leese, 51 Cal. 415; Johnson v. Squires, 53 Cal. 37; Bank of Woodland v. Treadwell, 55 Cal. 380; Harlan v. Ely, id. 344. In the case we are considering the district court did not draw up express findings on the ultimate questions of fact raised by the complaint and answer; but in lieu of such express findings the court reverts to the stipulation of counsel as to the facts and evidence submitted at the trial, and set out herein at length. The court says: "The court now here adopts said facts so stipulated as its findings of fact in this case, and that there is due plaintiff on the warrants in suit $3,180.18." What, then, is it that the learned trial court thus undertakes to substitute for express findings of the ultimate facts? This question is best answered by an examination of the stipulation of counsel to which the court refers. Such examination will disclose that the stipulation embraces an agreement of what shall be put in evidence at the trial; also that certain facts not proven are agreed to; and, finally, that certain other facts which are deducible from the evidence are agreed to as facts. But such facts as are agreed to are — like the testimony in the case — merely evidential of the ultimate facts which the court is required to find in response to the issues arising upon the pleadings. Among the facts expressly mentioned in the stipulation is the following: "The book called on its title page 'School District No. 39, County of Barnes. District Clerk's Record Book'—constitutes the school district records of the defendant. They are what they purport to be, and the minutes therein are what they purport to be—minutes of meetings of the school district-- except the minutes dated May 12, 1882, and the one immediately following without date. The latter two are minutes of the meetings of the school board of defendant." This part of the stipulation refers directly to Exhibit C. It follows that, by adopting the stipulation of counsel made at the trial, with respect to the evidence and certain facts, as the findings of the court, the court

necessarily finds as ultimate facts all matters of fact relevant or otherwise which are contained in Exhibit C, which, as before stated, is a voluminous record of the administrative acts and doings of the defendant during a period of some five years, and the bulk of which cannot, of course, have any direct connection with any of the questions in litigation here, but some of which, as counsel claim, do bear upon the issues of this case.

Counsel are at loggerheads in their briefs as to what ultimate facts appear and what do not appear in Exhibit C. Respondent's counsel contends that certain facts—some of which are pertinent, and others claimed not to be so—are duly found by the court, because the court adopts Exhibit C as a part of its findings of fact; and, on the other hand, the appellant's counsel contends that certain specific facts material to a determination of the case are proven either positively or negatively by Exhibit C, but that such facts are not enunciated and embodied in the findings of the court, nor in the stipulated facts, and hence are practically useless in disposing of the case. It is obvious that this confusion comes about solely because the letter and spirit of the statute were violated when the trial court assumed to substitute for express findings upon material and ultimate facts in issue certain evidence and evidential facts submitted at the trial and agreed to by counsel. In Wagner v. Nagel, (Minn.) 23 N. W. Rep. 308, the court say: "A conclusive reason why this judgment must be reversed is that there are no findings to support it. The so-called findings are mere statements of evidence." As to indefinite firdings, see Templen v. Plattner, (Iowa) id. 664; Demming v. Weston, 15 Wis. 236-238. The supreme court of Missouri say: "A finding of facts which does not cover all the matters put in issue by the pleadings is insufficient, and ground of reversal." Downing v. Bourlier, 21 Mo. 149. Judgments were reversed in the following cases for insufficient findings of fact: Bates v. Wilbur, 10 Wis. 415; Reich v. Mining Co., 3 Utah, 254, 2 Pac. Rep. 703; Bowman v. Ayers, (Idaho) 13 Pac. Rep. 346; Conlan v. Grace, (Minn.) 30 N. W. Rep. 880. We do not hold that it would be impossible to so stipulate the facts at the trial that they would be at once so explicit and so responsive to the issues that they could be adopted

in *hæc verba* by the court as the findings of fact; but we do hold that this record does not present such a case.   In this case the ultimate facts which are material to a determination of the issues have not been found, and for such omission the judgment will be reversed.   But the same disposition of the case will follow upon a consideration of the record upon the facts and merits.   A perusal of this record shows that the case is parallel in its facts, and falls completely within the principles of law laid down in a case decided by this court at the present term, *i. e.*, Capital Bank of St. Paul v. School Dist. No. 53, reported *ante*, 479.   We deem further discussion of this case unnecessary.   Following the ruling in the case cited, we shall make an order directing a reversal of the judgment, and dismissing the action. All concur.

## ON REHEARING, MARCH 16, 1891.

PER CURIAM.   After due consideration of the arguments presented at the rehearing of this case the court will adhere to its views as set forth in the foregoing opinion.   Its reasons for so doing are set forth in the opinion filed in the case of Capital Bank of St. Paul v. School Dist. No. 53, *ante*, 479, where the principal questions involved in this case are fully considered..