## KIERBOW v. YOUNG, Sheriff.

Under Rev. Code Civ. Proc. §§ 276, 277, providing that in an action tried by the court without a jury no judgment shall be entered until the filing of a decision stating the facts found and conclusions, where the court failed to find the ultimate facts material to the issues, judgment was unauthorized, though there was no request for express findings.

(Opinion filed, December 19, 1906.)

Appeal from Circuit Court, McPherson County. Hon. LORING E. GAFFY, Judge.

Action by D. O. Kierbow against Henry Young, as sheriff of McPherson county. From a judgment in favor of plaintiff, defendant appeals. Reversed.

See, 20 S. D. 414, 107 N. W. 371.

*Taubman, Williamson & Herreid,* for appellant.

This cause was tried to the court without a jury. Under these circumstances it was necessary, before entry of judgment, for the court to give his decision in writing and that the same be filed with the clerk. Upon the trial of a question of fact by the court its decision must be given in writing, * * * and no judgment shall be rendered or entered until the filing of such decision. Sec. 276, Code Civil Procedure. In giving the decision, the facts found and conclusions must be separately stated. Judgment upon the decision must be entered accordingly. Sec. 277, Code Civ. Proc.; Thomas v. Issenhuth, 18 S. D. 303.

*James M. Brown,* for respondent.

A failure to make findings of fact on issues not raised by the answer, or expressly abandoned at the trial, and on which no evidence was introduced, or findings requested, is not available on appeal. Brown v. Brown et al, 12 S. D. 506; Roblin v. Palmer, 9 S. D. 37; Anderson v. Alseth, 8 S. D. 240. The Court shall in every stage of action disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect. Revised Code of Civil Procedure, Sec. 153; Twine Co. v. Wright, 11 S. D. 521; Bunker v. Taylor, 10 S. D. 526; The burden in this case was on the defendant. Wagner v. Olson, 3 N. D. 69. And he offered no evidence in jus-

tification of his seizure of plaintiff's exempt property. A party having the burden of proof and offering no evidence is not prejudiced by the Court's failure to make findings of fact, and the judgment cannot be reversed on that ground. Demartin v. Demartin et al, 24 Pac. 594; Monterey Co. v. Cushing, 23 Pac. 700.

FULLER, P. J. By stipulation of counsel, this action to recover possession of $65, as exempt property which the defendant sheriff had seized under an attachment, was tried to the court without a jury, and this appeal is from a judgment in favor of plaintiff for the full amount claimed and from an order overruling defendant's motion for a new trial.

The objection that judgment was rendered and entered without findings upon any of the issues of fact raised by the pleadings, under which testimony was offered by the respective parties, is presented by an assignment of error which must control the determination of this appeal. The mandatory direction of the statute applicable to this case is that the decision of the court must be given in writing within a specified time and be filed with the clerk, and that: "No judgment shall be rendered or entered until after the filing of such decision. In giving the decision, the facts found and the conclusions must be separately stated. Judgment upon the decision must be entered accordingly." Sections 276, 277, Rev. Code Civ. Proc. Having failed to find any of the ultimate facts material to the issues presented for determination, there is nothing upon which to base a judgment, and the fact that there was no request for express findings in no manner obviates the necessity of complying with the above positive and explicit requirement. Gull River Lumber Company v. School District No. 39, 1 N. D. 500, 48 N. W. 427.

Adhering to the rule announced in Thomas v. Issenhuth, 18 S. D. 303, 100 N. W. 436, the judgment appealed from is reversed, and a new trial ordered.

CORSON, J., not sitting.