## Catherine TRAYLOR

v.

## Robert BURNS.

Supreme Judicial Court of Maine.

Argued Feb. 1, 1990.

Decided Feb. 26, 1990.

Raymond Ritchie (orally), Asst. Atty. Gen., Augusta, for plaintiff.

Dennis L. Jones (orally), Clark & Jones, Gardiner, for defendant.

Before WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

WATHEN, Justice.

Defendant, Robert Burns, appeals from a decision of the Superior Court (Kennebee County, *Brody, C.J.*) affirming an order of the District Court (Augusta, *Calkins, J.*) denying his motion to amend a divorce decree. On appeal, defendant argues that the District Court erroneously failed to eliminate the requirement that he pay child support for his minor child so long as she receives Social Security benefits. Finding no error, we affirm the judgment.

Defendant and plaintiff, Catherine Traylor, were divorced and defendant was ordered to pay child support of $23.33 per week for each minor child. At all times relevant to these proceedings only one of the parties children was a minor. Defendant is unemployed and disabled and currently receives a $728 Social Security disability benefit and a $454 disability pension per month.

After the divorce the plaintiff married Emit Traylor who died after five years of marriage. As a result of Traylor's death, the minor child became eligible to receive a greater Social Security benefit under Traylor's account than she had been receiving under defendant's Social Security disability account. The child elected to receive the higher benefit due her as Traylor's dependent. Defendant brought a motion to amend the divorce judgment to relieve him of his child support obligation.

Essentially, defendant argues that he should be credited with the amounts received by his child as a dependent of Traylor because he would have been credited with any amounts that were paid had the child elected to receive the Social Security benefits due to her as his dependent. Assuming without deciding that defendant

would be entitled to a credit for Social Security payments received from his account, he cites no authority from any jurisdiction for the proposition that he should receive credit for benefits earned by the stepfather of his minor child. The District Court did not err in denying defendant's motion to amend the divorce judgment.

The entry is:

Judgment affirmed.

All concurring.