**Doris GRUNEWALDT, f/k/a Doris Bisson, Plaintiff and Appellee.**

**v.**

**Dean BISSON, Defendant and Appellant.**

**No. 17883.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 3, 1992.

Decided Dec. 23, 1992.

Thomas M. Tobin of Tonner, Tobin & King, Aberdeen, for plaintiff and appellee.

John A. Shaeffer, Flandreau, for defendant and appellant.

AMUNDSON, Justice.

Dean Bisson (father) appeals a trial court order denying a request for child support from Doris Grunewaldt (mother). We reverse and remand.

## FACTS

Father and mother were divorced in 1985. At the time of the divorce, they had two children: a son, now age 17; and, a daughter, now age 16. The judgment and decree of divorce awarded mother custody of both children subject to father's visitation rights. Father was ordered to pay child support in the amount of $150 per month per child.

Father was disabled in 1986 and began receiving $233 per month per child in Social Security Disability Benefits. The parties stipulated to an order in December 1986 that provided in pertinent part, "[father] shall pay to [mother] as reasonable child support those benefits the children are entitled to receive because of [father's] disability and eligibility for Social Security benefits and shall execute all documents necessary to have the benefits paid directly to [mother]." After this time, father gave the children's Social Security checks directly to mother and ceased all other child support payments.

In 1990, father was awarded the custody of the parties' son after a change in custody proceeding. At that time, father began keeping one of the Social Security disability checks every month for the son's support. However, he continued to give the other check to mother for their daughter's support.

In January 1992, father instituted proceedings to obtain custody of the parties' daughter. In his application for the custody change, father requested, "that the court determine the proper amount of child support that [mother] should pay to [father] based upon the present and current earnings of the parties, and that such payments be made directly to the clerk of courts beginning immediately."

The parties subsequently entered into a stipulation of facts in which mother agreed to relinquish custody of their daughter to father. The stipulation further provided:

That at the present time each party has been receiving the sum of Two Hundred Thirty-three Dollars ($233.00) per month for the support and maintenance of each minor child from Social Security as the result of the disability of [father]. [Mother] has agreed to permit [father] to receive each of those checks, as [father] will now have custody of both minor children.

\*   \*   \*   \*   \*   \*

That based upon the foregoing facts, the parties request the court to determine whether or not [mother] is required to provide additional child support to [father] under the provisions of SDCL 1967 25–7–6.

On March 9, 1992, the trial court entered its findings of fact and conclusions of law. The court held that, "having reviewed the pertinent facts [the court] determines that no additional child support needs to be paid to [father]." No legal rationale for this conclusion was offered in the trial court's findings, conclusions or memorandum opinion. The trial court entered its order that no additional child support needed to be paid by mother and father appeals.

## ISSUE

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN HOLDING THAT MOTHER NEED NOT PAY CHILD SUPPORT TO FATHER?

This court's standard of review in child support cases is whether the trial court abused its discretion in setting the support. *Nelson v. Nelson*, 454 N.W.2d 533 (S.D.1990). In this review, we do not determine whether we would have made an original like ruling, but whether a judicial mind, in view of the law and circumstances of the particular case, could reasonably have reached such a conclusion. *Id.*

*Johnson v. Johnson*, 468 N.W.2d 648, 650 (S.D.1991). Here, in view of the applicable law, we hold that the trial court did abuse its discretion in determining mother should be free of any child support obligation over and above the Social Security Disability Benefits received by the children.

■ It is a matter of settled law that SDCL 25–7–7 sets forth, "mandatory guidelines" which courts must follow in setting child support. *Bruning v. Jeffries*, 422 N.W.2d 579, 580 (S.D.1988). *See also Studt v. Studt*, 443 N.W.2d 639 (S.D.1989) (SDCL 25–7–7 provides mandatory guidelines for establishing child support so long as an obligor's monthly net income does not exceed $1,500). There can be no deviation from the guidelines unless there is an entry of specific findings regarding the factors allowing deviation. *Bruning, supra.* Although SDCL 25–7–7 was repealed in 1989 and replaced with SDCL 25–7–6.2, the mandate of the guidelines remains the law. *Johnson v. Johnson*, 451 N.W.2d 293 (S.D. 1990). "Current child support should be based on the new guidelines at SDCL 25–7–6.2; *any* deviation from those guidelines must be based on the factors listed in SDCL 25–7–6.10." *Id.* at 296 (emphasis added).

■ When father moved for a modification of prior trial court orders concerning the mutual child support obligation of the parties, all aspects of child support were opened for examination. *Brandriet v. Larsen*, 442 N.W.2d 455 (S.D.1989). The mandatory nature of the child support guidelines and this reopening of the issue required the trial court to modify the parties' mutual child support obligation in accordance with the guidelines even absent the change in circumstance that took place in this case. *See, Johnson*, 468 N.W.2d 648 (child support orders in effect before July 1, 1989 may be modified in accordance with the child support schedules even absent a showing of changed circumstances). This required the trial court to enter findings of fact and conclusions of law on: each party's net monthly income; the parties' combined net monthly income; the percentage contribution of each party to their combined net monthly income; and, each party's child support obligation calculated according to the applicable figure in the guidelines and each party's percentage contribution to their combined net monthly income. *See,* SDCL 25–7–6.2, 25–7–6.3.

None of the findings of fact and conclusions of law mentioned above were entered in this case. The trial court did find that mother had a net income of $801 per month. However, the findings concerning father's monthly income do not reflect whether it is gross or net income. Thus, it is impossible for this court to make the appropriate calculations and render a meaningful review to this case and we remand the matter for entry of the necessary findings of fact and conclusions of law.

■ Mother submits that she is free of any child support obligation because of the monthly Social Security Disability Benefits received by the children. Under settled law *father* is entitled to a *credit* against *his* monthly child support obligation for the amount of those benefits. *Hawkins v. Peterson*, 474 N.W.2d 90 (S.D.1991). However, mother cites no authority for the proposition that an obligor is entitled to credit against a child support obligation for Social Security benefits received by a child because of the disability of the obligee parent. In *Traylor v. Burns*, 570 A.2d 1204 (Me.1990), a minor child's mother remarried after divorcing the child's natural father. The child's stepfather subsequently died and the child was able to collect Social Security Dependent Benefits as a dependent of her stepfather. The child's natural father brought a motion to amend the divorce judgment to be relieved of his child support obligation. Similar to mother's argument in the present case, he argued that he should be credited with the benefits received by his child as a dependent of the stepfather. The Maine High Court held, "[father] cites no authority from any jurisdiction for the proposition that he should receive credit for *benefits earned by the stepfather* of his minor child. The District Court did not err in denying [father's] motion to amend the divorce judgment."

*Traylor,* 1204 A.2d at 1205 (emphasis added).

■ The view that it is the party who earned the disability benefits that is entitled to credit against a child support obligation is reflected in *Hawkins* where this court held that, "Social security dependent benefits are paid on behalf of a child of a disabled parent *in recognition of the parent's reduced income resulting from total disability.* Under the majority rule, child support may be offset by social security dependent benefits during the period in which the benefits are received." *Hawkins,* 474 N.W.2d at 93 (citations and footnote omitted) (emphasis added). Here, the disability benefits were obtained as a result of father's disability in recognition of *his* reduced income resulting from that disability. Thus, we hold that father, not mother, is entitled to the credit for those benefits against his child support obligation.

■ We observe, however, that the factors allowing deviation from the child support guidelines include: "[t]he income of a subsequent spouse *or contribution of a third party* to the income or expenses of that parent but only if the application of the schedule works a financial hardship on either parent[.]" SDCL 25–7–6.10(1) (emphasis added). Thus, father's receipt of the Social Security Disability Benefits on behalf of the children may appropriately be taken into consideration by the trial court as a factor for deviation from the guidelines. Any such deviation, however, must be based on entry of the necessary findings of fact and conclusions of law showing the basis for a finding of an inequity which works a financial hardship on mother. *See, Bruning, supra.*

Mother also argues that the parties agreed that the Social Security benefits would serve as payment of the parties' mutual child support obligation and that they operated under that agreement. Thus, she contends that the agreement is controlling and eliminates her child support obligation. However, there is no such specific agreement in the record. Moreover, "there may be *no* deviation from the [child support] guidelines unless there is an entry

of specific findings regarding the [appropriate] factors." *Bruning,* 422 N.W.2d at 580 (emphasis added).

■ The necessity of findings to support deviation from the child support guidelines also resolves mother's argument regarding the factors that *might* have supported a deviation in this case. No such findings were entered and thus, there are no findings to support a deviation if that is, in fact, what the trial court did. Finally, there is nothing in the record indicating that mother raised any factors to support a deviation before the trial court. This court will not consider issues over deviation from the child support guidelines raised for the first time on appeal. *Hawkins, supra.*

Based upon the above analysis, the trial court's order that mother is not obligated to pay child support is reversed and the matter is remanded for entry of findings of fact and conclusions of law reflecting a calculation of each party's child support obligation according to the guidelines. Any issues over deviation from the guidelines may be raised by mother on remand and findings supportive of any deviation made may be entered by the trial court at that time.

MILLER, C.J., and WUEST and SABERS, JJ., concur.

HENDERSON, J., concurs in part and dissents in part.

HENDERSON, Justice (concurring in part, dissenting in part).

This Court holds that the trial court abused its discretion in determining that the mother need not pay child support to the father. Whereupon, the issue was reversed and remanded for entry of findings of fact and conclusions of law to determine the amount of child support each parent owes. For the rationale expressed therein on that point of law and holding, I concur. I do, however, take one notable exception to the following paragraph:

We observe, however, that the factors allowing deviation from the child support guidelines include: "[t]he income of a

subsequent spouse *or contribution of a third party* to the income or expenses of that parent but only if the application of the schedule works a financial hardship on either parent[.]" SDCL 25-7-6.10(1) (emphasis added). Thus, father's receipt of the Social Security Disability Benefits on behalf of the children may appropriately be taken into consideration by the trial court as a factor for deviation from the guidelines. Any such deviation, however, must be based on entry of the necessary findings of fact and conclusions of law showing the basis for a finding of an inequity which works a financial hardship on mother. *See, Bruning, supra.*

Via these words, we seemingly direct the trial court to focus and decide the case on SDCL 25-7-6.10(1). Certainly this subsection could be applicable, but I do not believe it is wise to single out this subsection when 25-7-6.1 through 25-7-6.17 could also be determinative. All aspects of child support are open to examination. *Brandriet v. Larson,* 442 N.W.2d 455 (S.D.1989). Remember, at this time the settled record does not contain findings of fact and conclusions of law. For now, the settled record is the sole evidence of the trial court's proceedings. *Pearson v. Adams,* 279 N.W.2d 674 (S.D.1979). Let us not cross the bridge of third party contributions before we come to it.

We have held that this Court will not tamper with modification decisions unless the circuit court has acted in a manner which amounts to an abuse of discretion; "a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence." *State, Fall River County v. Dryden,* 409 N.W.2d 648, 651 (S.D.1987); *Herndon v. Herndon,* 305 N.W.2d 917, 918 (S.D.1981). By including the blocked paragraph above, this Court, *is tampering with a modification before the findings of fact have been made.*

Here, the majority opinion *is substituting its findings before the trial court enters any.* This Court may not substitute its judgment of factual questions for that of the trial court unless the findings of fact are clearly erroneous. *Mash v. Cutler,* 488 N.W.2d 642, 645 (S.D.1992); *Northern Farm Supply, Inc. v. Sprecher,* 307 N.W.2d 870 (S.D.1981). We are not free to disturb the lower court's findings unless it is satisfied that they are contrary to a clear preponderance of the evidence. *Mash* at 646; *Cunningham v. Yankton Clinic, P.A.,* 262 N.W.2d 508, 512 (S.D.1978).

One conclusory fact, of which we do know, determined in the initial divorce proceeding, is the formula for child support: Father's Social Security checks plus mother's contribution.* Until the trial court supplies the findings of fact and conclusions of law to this Court, we should not dictate which laws are to be used (different facts may require application of different laws). Certainly, the trial court of its own accord may utilize SDCL 25-7-6.10(1). If we find for the father today, yet supply this paragraph, we essentially give to one hand and take from the other.

Essentially, this paragraph, which I have isolated above, is conceptually oxymoronic to the entirety of the opinion. Said paragraph skews our holding. It foists upon the trial court what its decision is to be. Rather, he has the right, as a trial court, to consider the equities of the parties. Perched in Pierre, we cannot be a swami in Aberdeen.

Therefore, I must dissent to the use of the above paragraph.

---

* When the mother had custody of both children, the father's child support contribution came solely from his Social Security Disability Benefits. Logic dictates that the mother contributed the remaining support whether it be financial or simply the roof over their heads. Should the mother be exonerated *totally* from child support? It appears to me mother is angling to contribute nothing to child support. That is precisely why the trial court should be given some equitable rope to make a decision.