Patricia LINARD, Plaintiff and Appellee,

v.

Brooke HERSHEY, Defendant and Appellant.

Nos. 18418, 18437.

Supreme Court of South Dakota.

Considered on Briefs Feb. 15, 1994.

Decided May 11, 1994.

Jerry C. Rachetto, Mattson & Rachetto, Deadwood, for plaintiff and appellee.

Robert A. Haivala, Morman, Smit, Hughes, Strain, Molstad and Haivala, Sturgis, for defendant and appellant.

SABERS, Justice.

Subsequent to this court's decision in *Linard v. Hershey*, 489 N.W.2d 599 (S.D.1992), Patricia Linard (Linard) filed a Motion to Modify Child Support Payments Based Upon Current Earnings. Following an evidentiary hearing, the circuit court entered an Order Setting Child Support increasing Brooke Hershey's (Hershey) child support payments from $116.60 per month to $490.00 per month. Hershey's Motion for New Trial was denied. Hershey appeals.

SDCL 15–6–52(a) provides in part:

In all actions tried upon the facts without a jury or with an advisory jury, the court shall unless waived as provided in § 15–6–52(b) find the facts specially and state separately its conclusions of law thereon[.]

. . . .

If an opinion or memorandum of decision is filed, the facts and legal conclusions stated therein need not be restated but may be included in the findings of fact and conclusions of law by reference.

Hershey argues that the circuit court committed error by failing to enter findings of fact and conclusions of law. Hershey makes this argument even though he did not propose findings of fact and conclusions of law himself. While the circuit court did file a Memorandum Opinion, "[i]t is settled law that we do not review the trial court's memorandum opinion unless the same is expressly incorporated in the trial court's findings of fact and conclusions of law." *Olson v. Olson*, 438 N.W.2d 544, 547 (S.D.1989) (citations omitted).

"As its name implies, a memorandum opinion is merely an expression of the trial court's opinion of the facts and law. Christiansen v. Strand, 1966, 82 S.D. 416, 147 N.W.2d 415. Any expression of opinion or views by the trial judge extraneous to his decision in the manner and form contemplated by law is of no binding force and effect as a matter of law either upon the trial judge himself or anyone else. Western Bldg. Co. v. J.C. Penney Co., 1932, 60 S.D. 630, 245 N.W. 909. Because the memorandum opinion is not binding, our review is limited to the trial court's findings of fact and conclusions of law."

*Jones v. Jones*, 334 N.W.2d 492, 494 (S.D. 1983) (quoting *Connelly v. Sherwood*, 268 N.W.2d 140, 142 (S.D.1978)).

■ Linard argues that findings of fact and conclusions of law are not necessary on court decisions relating to motions and that if the court did commit error, it was incumbent upon Hershey to call the error to the attention of the court by proposing findings of fact and conclusions of law, which he did not do. In support, Linard cites SDCL 15–6–52(a) which further provides in part that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under § 15–6–12 or § 15–6–56 or any other motion except as provided in § 15–6–41(b)."

Linard overlooks the fact that this motion resulted in an order modifying support (Order Setting Child Support). This so-called "motion hearing" included 83 pages of testimony by Hershey and Linard and 15 exhibits. Certainly, it was closer to an action "tried upon the facts without a jury," than a motion hearing. *Compare In re the Application of SDDS, Inc.*, 472 N.W.2d 502, 509 (S.D.1991) ("The necessity of making findings and conclusions when deciding civil motions is addressed in SDCL 15–6–52(a).... Findings of fact and conclusions of law are typically not required when deciding civil pretrial motions[.]").

In *Grunewaldt v. Bisson*, this court stated that when the father moved for a modification of child support, the trial court was required:

> to enter findings of fact and conclusions of law on: each party's net monthly income; the parties' combined net monthly income; the percentage contribution of each party to their combined net monthly income; and, each party's child support obligation calculated according to the applicable figure in the guidelines and each party's percentage contribution to their combined net monthly income.

494 N.W.2d 193, 195 (S.D.1992) (citations omitted). Because the trial court in *Grunewaldt* failed to enter the necessary findings of fact and conclusions of law, we held that it was "impossible for this court to make the appropriate calculations and render a mean-

ingful review to this case and we remand[ed] the matter for entry of the necessary findings of fact and conclusions of law." *Id.* It is incumbent on the appellant to be able to show where the court specifically erred.

■ The circuit court failed to enter the necessary findings of fact and conclusions of law. Therefore, it is impossible for us to render a meaningful review. *Id.* We are unable to review the court's memorandum opinion absent incorporation of the memorandum opinion in the findings of fact and conclusions of law. SDCL 15–6–52(a). We dismiss these appeals and remand to the circuit court for entry of findings of fact and conclusions of law. *Grunewaldt*, 494 N.W.2d at 196. *See also Kierbow v. Young*, 21 S.D. 180, 181, 110 N.W. 116 (S.D.1906) (citing *Gull River Lumber Company v. School District No. 39*, 1 N.D. 500, 48 N.W. 427) ("Having failed to find any of the ultimate facts material to the issues presented for determination, there is nothing upon which to base a judgment, and the fact that there was no request for express findings in no manner obviates the necessity of complying with the above positive and explicit requirement."). Because of our determination of this issue, we are unable to reach the issues raised by Hershey. We decline to award attorney's fees to either party.*

WUEST and AMUNDSON, JJ., concur.

MILLER, C.J., and HENDERSON, J., dissent.

---

* Chief Justice Miller argues in his dissent that *Grunewaldt* stands for the proposition "that trial courts enter specific findings of fact and conclusions of law *when deviating from the mandatory statutory guidelines for child support.*" (Emphasis in original.) I agree. *Grunewaldt*, however, *also* states that "[t]he mandatory nature of the child support guidelines and this reopening of the issue required the trial court to modify the parties' mutual child support obligation in accordance with the guidelines even absent the change in circumstances that took place in this case. This required the trial court to enter findings of fact and conclusions of law[.]" 494 N.W.2d at 195. The holding in *Grunewaldt* called for the remanding "for entry of findings of fact and conclusions of law reflecting a calculation of each party's child support obligation according to the guidelines. *Any issues over deviation from the guidelines may be raised by mother on remand and findings supportive of any deviation made*

*may be entered by the trial court at that time."* *Id.* at 196 (emphasis added). Clearly, regardless of whether mother raised any issues over deviation from the guidelines on remand, the trial court was instructed to enter findings of fact and conclusions of law.

Justice Henderson's present writing is even more puzzling and inconsistent. In *Grunewaldt*, his separate writing did not object to remand for findings of fact and conclusions of law for either reason. His writing was concerned with only one paragraph. In fact, it stated: "Until the trial court supplies the findings of fact and conclusions of law to this Court, we should not dictate which laws are to be used (different facts may require application of different laws)." *Id.* at 197 (Henderson, J., dissenting). Therefore, his current laments about a "century of settled law," stare decisis, and precedent, are baffling in view of his vote and writing in *Grunewaldt*.

MILLER, Chief Justice (dissenting).

In my opinion, where Hershey failed to propose findings of fact and conclusions of law, the circuit court did not commit reversible error in failing to enter them.

SDCL 15–6–52(a) provides in part:

Findings of fact and conclusions of law are unnecessary on decisions of motions under § 15–6–12 or § 15–6–56 or any other motion except as provided in § 15–6–41(b).

The majority relies on *Grunewaldt v. Bisson*, 494 N.W.2d 193 (S.D.1992), to support its determination that because Linard's motion to modify child support "was closer to a hearing or a trial, than a motion," the trial court was required to enter findings of fact and conclusions of law. However, the majority's reliance is misplaced.

In *Grunewaldt*, this court held that, as a matter of settled law, there can be no deviation from the child support schedule unless there is an entry of specific findings regarding the limited statutory factors allowing deviation. *Id.*, 494 N.W.2d at 195. Our holding in *Grunewaldt* was based on a long line of cases requiring that trial courts enter specific findings of fact and conclusions of law *when deviating from the mandatory statutory guidelines for child support. Kansas ex rel. Adams v. Adams*, 455 N.W.2d 227, 231 (S.D.1990); *Johnson v. Johnson*, 451 N.W.2d 293, 296 (S.D.1990); *Schmidt v. Schmidt*, 444 N.W.2d 367, 371 (S.D.1989); *Donohue v. Getman*, 432 N.W.2d 281, 283 (S.D.1988); *Bruning v. Jeffries*, 422 N.W.2d 579, 582 (S.D.1988).

The majority's expansion of the requirement of specific findings of fact, where a trial court is not deviating from the mandatory guidelines, places an unwarranted burden on the trial judges of this state and goes beyond what is required by SDCL 15–6–52(a). The trial court's failure to enter findings of fact and conclusions of law on Linard's motion to modify child support was not reversible error. Therefore, I dissent.

HENDERSON, Justice (dissenting).

In *Grunewaldt v. Bisson*, 494 N.W.2d 193 (S.D.1992), this Court also reviewed a denial of modification of child support. We held that "*the trial court did abuse its discretion* in determining mother should be freed of any child support ..." *Id.* at 195 (emphasis added). I concurred in this rationale. Why did the trial court abuse its discretion? Because "there can be no deviation from the [mandatory child support] guidelines unless there is an entry of specific findings regarding the factors allowing deviation." *Id. Deviation from the guidelines is not at issue here;* hence, the trial court did not abuse its discretion by not issuing findings of fact and conclusions of law in this motion hearing. *See* SDCL 15–6–52(a).

The gravamen of the error in the majority opinion is its failure to recognize that the case before us was not a *court trial.* It was a decision on a motion. Under SDCL chap. 15–6, South Dakota's civil procedure establishes the conduct of trials which is broken down into jury trials (SDCL 15–6–38(a)) and trials to the court (SDCL 15–6–52(a)). If you look at the civil procedure which has been developed by this state, over a period of one century, it becomes obvious from the history of *court trials* that such must result in the court entering Findings of Fact and Conclusions of Law. Of course, same may be waived. SDCL 15–6–52(b). There are dozens of cases collected and annotated under *trials to the court,* via SDCL 15–6–52(a). Not one of these cases address Findings of Fact and Conclusions of Law pertaining to *ordinary motions.* Rather, they all address "actions tried upon the facts without a jury."

This Court has never required formal Findings of Fact and Conclusions of Law on ordinary motions concerning the modification of child support. As the Chief Justice has pointed out, because of specific legislative direction, this Court began to require the specific entry of Findings of Fact and Conclusions of Law when the trial courts deviated from the statutory guidelines for child support.

Under this precedent shattering decision, every trial judge—where there is no trial and no deviation from the guidelines, and there is simply a motion to change child support or modify it, or eliminate it—will now have to enter Findings of Fact and Conclusions of

Law. Again, read all of the collected and annotated cases under SDCL 15-6-52(a). You will note that those cases concern "actions" which were "tried to the court."

Was this case "an action tried to the court?" No. It was a motion—a Motion to Modify Child Support Payments. We know, from examining past contempt proceedings involving child support, that there exists a necessity for formal Findings of Fact and Conclusions of Law to support an adjudication of contempt. *Thomerson v. Thomerson,* 387 N.W.2d 509 (S.D.1986) (judgment of contempt must be based on clear and specific findings of fact); *Talbert v. Talbert,* 290 N.W.2d 862 (S.D.1980). Obviously, contempt proceedings are an exception. In such type of cases, Findings of Fact and Conclusions of Law are vital. This case did not involve contempt.

This decision, which we reach today, will become a nightmare for the trial judges in this state. In practice, it will birth a tremendous amount of needless additional work for the trial judges of this state. It will consume precious judicial resources which could be employed to confront a burgeoning trial workload. This decision is the type of decision which places unwanted demands upon the time and talents of trial judges and this decision will spawn increasing appeals to further burden appellate justice.

Have we not, in the past, reviewed an award of child support upon the basis of "abuse of discretion?" Yes. *Barrett v. Barrett,* 308 N.W.2d 884 (S.D.1981). Therefore, the scope of review has been to consider if the trial court abused its discretion and not if the trial court was "clearly erroneous." Under this erosion of precedent whereby our trial judges must now be entering Findings of Fact and Conclusions of Law in motions pertaining to child support cases, the scope of review will necessarily be: Are the Findings of Fact clearly erroneous? And are the Conclusions of Law mistakes of law? Gone is the abuse of discretion test (apparently) which was applicable because of the broad equitable power and discretion given to trial courts by state statute, namely SDCL 25-4-.45. Under said statute, the word "modify" exists; the motion before the trial court was "Motion to Modify Child Support Payments." SDCL 25-4-45 applies and all of the precedent thereunder upon which the abuse of discretion test is then applied.

In my opinion, we are changing one century of settled law by this decision. We are changing because of the majority's mistaken belief that an ordinary motion for a modification of child support is directly aligned with the statutory guidelines decisions which are set forth in the Chief Justice's dissent. Stare decisis may be likened unto a bridge over which the law travels—and travels safely—as it bears the burden of carrying the cargo of justice. When the bridge breaks down, justice can flounder, in confusion, in the swirling water below. As a life jacket, it does not hurt, from time to time, to examine the pilings of the bridge to determine if it is still strong enough and stable enough to bear the load. Here, the abuse of discretion test can still stand the load. So we should not abandon our precedent. We should decide this case upon the doctrine of stare decisis.

As the Chief Justice has pointed out, the *Grunewaldt* decision, upon which the majority relies, does not carry the day. We expressly held therein that the requirement of entering Formal Findings of Fact and Conclusions of Law pertained to "statutorily enumerated criteria" regarding the formal entry of "specific findings regarding factors allowing deviation [from child support guidelines]." *Grunewaldt,* 494 N.W.2d at 195. This case and *Grunewaldt* are on a totally different footing.

Our settled law has been, and should continue to be, that this Court will not tamper with modification decisions on child support unless the trial court has abused its discretion. This abused discretion would have to be "a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence." *State, Fall River County v. Dryden,* 409 N.W.2d 648, 651 (S.D. 1987); *Herndon v. Herndon,* 305 N.W.2d 917, 918 (S.D.1981).

I vote to affirm the trial court.