**Diane OUELLETTE**

v.

**Normand E. OUELLETTE.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 24, 1996.

Decided Dec. 20, 1996.

Jane Andrews, Lewiston, for Plaintiff.

Thomas M. Mangan, Lewiston, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, RUDMAN, DANA and LIPEZ, JJ.

ROBERTS, Justice.

Normand E. Ouellette appeals from a judgment entered in the Superior Court (Androscoggin County, *Alexander, J.*) affirming a divorce judgment entered in the District Court (Lewiston, *Beliveau, J.*) granting a divorce to Normand and his wife, Diane. Although Normand raises several issues on appeal, we address only his contention that the court erred in applying the child support

guidelines contained in 19 M.R.S.A. §§ 311–320 (Supp.1996). We affirm the judgment.

Normand and Diane have one minor child, now age 17. Normand does not disagree that the child support order of $36 per week is within the limits of the guidelines. Instead, he argues that the court must credit the child's monthly social security dependency benefit against Normand's support obligation, thus eliminating any liability.

We recognize that many states have determined that social security benefits earned through the father's payment of social security taxes ought to replace *pro rata* the support obligation. *See, e.g., Board v. Board,* 690 S.W.2d 380 (Ky.1985). We referred to that approach, in *dictum,* in *Traylor v. Burns,* 570 A.2d 1204, 1204–05 (Me.1990), although we refrained at that time from deciding whether social security benefits received by a child could be credited against support obligations. In *Palow v. Kitchin,* 149 Me. 113, 99 A.2d 305 (1953), we decided that a father was entitled to a credit on child support payments for money paid to his ex-wife pursuant to an allowance for military dependents.

*Palow,* of course, preceded the 1990 adoption of specific child support guidelines, and *Traylor* involved benefits received through the child's stepfather rather than through the father's account. We must therefore decide for the first time the effect on a father's child support obligation of the child's receipt of benefits based on the father's social security account. We do so by application of the plain meaning of the child support guidelines.

Section 311(5)(A) provides that gross income of a party "includes income from any ongoing source, including but not limited to ... social security benefits." The benefits received by Normand were properly used to compute his support obligation at $36 per week. The benefits received by the child were not and could not be included as income to Normand, nor did those payments result in any reduction in Normand's monthly benefits. Section 315 provides a rebuttable presumption that the support obligation derived from the guidelines will be the amount ordered unless a deviation is called for pursuant to section 317. Any such deviation must be supported by written findings.

Finally, we look to the factors in section 317(3) that a court may consider in determining that application of the guidelines would be inequitable or unjust. The fourth factor, section 317(3)(D), permits a deviation based on "the financial resources of the child" and is the only reference in the guidelines to the income of the child. We conclude, therefore, that, consistent with the child support guidelines, the trial court should consider the impact of the child's receipt of social security benefits. The trial court, however, may deviate from the guidelines only if it finds that their application would be inequitable or unjust and it incorporates written findings in support of the deviation. We conclude that such a finding of inequity or injustice is not compelled on the record before us.

The entry is:

Judgment affirmed.

All concurring.