2002 ME 175

**Jane Davis DOGGETT,**

v.

**TOWN OF GOULDSBORO.**

Supreme Judicial Court of Maine.

Argued: Nov. 14, 2002.
Decided: Dec. 18, 2002.

Steven T. Blackwell, Esq. (orally), Mark K. McDonough, Esq., Cuddy & Lanham, Bangor, ME, for plaintiff.

Wayne R. Foote, Esq. (orally), Foot & Temple, Bangor, ME, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

ALEXANDER, J.

[¶ 1]   Jane Davis Doggett appeals from a judgment of the Superior Court (Hancock County, *Mead, J.*) which, on Doggett's appeal, vacated and remanded for a new hearing an action of the Town of Gouldsboro Board of Appeals.  Although at least partially successful in her appeal to the Superior Court, Doggett argues in her appeal to us that she is entitled to the variance without further proceedings by the Town of Gouldsboro.  We dismiss the appeal.

[¶ 2]   Doggett was granted a variance to expand a cottage on her shorefront property in Gouldsboro.  Within the thirty days allowed for reconsideration of the variance by 30–A M.R.S.A. § 2691(3)(F) (1996), the Board of Appeals held a hearing and revoked the variance. Doggett received no notice of the reconsideration proceeding.  After receiving notice of the revocation of her variance, Doggett appealed to the Superior Court pursuant to M.R. Civ. P. 80B.

[¶ 3]   Doggett argued to the Superior Court and argues to us that the variance revocation proceeding violated her due process rights to notice and opportunity for hearing and that, because the results of the proceeding to reconsider are invalid, she is entitled to the variance she had

received without further proceedings by the Town. The Superior Court vacated the revocation of the variance and remanded for a new reconsideration proceeding with notice and opportunity for Doggett to be heard. Doggett then brought this appeal.

[¶ 4] While this appeal has been pending, comments in the parties' briefs and statements made at oral argument indicate that some proceedings at the Town level have occurred on the remand. Those proceedings resulted in a separate appeal and a ruling by the Superior Court (*Jabar, J.*) on issues related to reconsideration and the validity of the variance. The exact nature of the subsequent proceedings before the Town or the Superior Court is not clear, as materials relating to those actions have not been made part of the record of this proceeding.

[¶ 5] When an appeal is taken from a trial court action, the trial court's authority over the matter is suspended and: "The trial court shall take no further action pending disposition of the appeal by the Law Court...." M.R.App. P. 3(b); see *Most v. Most*, 477 A.2d 250, 263 (Me.1984) ("Generally, all portions of a judgment are stayed during pendency of an appeal."); *Bancroft & Martin, Inc. v. Local No. 340, Truck Drivers, Warehousemen & Helpers Union*, 412 A.2d 1216–17 (Me.1980) (stat-ing that authority over a case vests in the Law Court when the case is appealed and marked "Law" in the docket).

[¶ 6] The general rule that trial courts may not act on a matter while there is a pending appeal has some exceptions, but none of those exceptions apply to this case. *See* M.R.App. P. 3(b) and M.R. Civ. P. 62(e).[1] Thus, the pendency of this appeal served to suspend the trial court's authority over the matter and stay the effect of the remand. Neither the Town nor the Superior Court had authority to address reconsideration of the variance on remand because their authority over that matter was suspended during the pendency of Doggett's appeal.

[¶ 7] The procedural confusion that apparently affected this case demonstrates why appeals of orders remanding matters to state or local administrative agencies for further action are considered interlocutory appeals. Generally, in such cases, the proceedings on remand should be completed before any proper appeal on the merits to this Court. This assures that, if there is a further appeal, all issues can be considered once, after the clarification intended by the remand.[2]

---

1. M.R. Civ. P. 62(e) states, in pertinent part: "Except as provided in subdivisions (c) and (d) of this rule, the taking of an appeal from a judgment shall operate as a stay of execution upon the judgment during the pendency of the appeal, ..."

2. In 1997, M.R. Civ. P. 80B(m) was amended to specify that all issues raised in an original proceeding are preserved in any subsequent appeal taken after action on a remand. The Advisory Committee's Note to that amendment states:

   Rule 80B(m) is amended to clarify that an order of remand from the Superior Court to the governmental agency is not a final judgment from which an appeal lies, ab-sent special circumstances. The amendment is not intended to change the law governing final judgments, moot issues or the preservation of issues for appeal. The amendment simply makes clear that in the ordinary case, an order of remand is not appealable and, to the extent that issues have been properly preserved throughout the course of the proceedings and are ripe for appeal when the remanded issues have been decided, the appeal from the final judgment preserves issues raised prior to the remand.

   M.R. Civ. P. 80(m) Advisory Committee's Note to 1997 amend., Me. Rptr., 684–691 A.2d XXXVIII.

[¶ 8] We have regularly held that appeals from court orders remanding a matter to another court or administrative agency for further action are interlocutory appeals that we will not address on the merits until the action on the remand has been completed. *Town of Otis v. Derr,* 2001 ME 151, ¶ 2, 782 A.2d 788, 789; *Tarbuck v. Jaeckel,* 2000 ME 105, ¶ 23, 752 A.2d 176, 182; *Crowley–King v. Kennebec Valley Radiology, P.A.,* 580 A.2d 687, 688 (Me.1990); *Harris Baking Co. v. Me. Employment Sec. Comm'n,* 457 A.2d 427, 428 (Me.1983). We have occasionally allowed direct appeals of remand orders where the action on remand would be essentially ministerial, such as a remand order to make a specific amendment to a judgment, *see Tibbetts v. Tibbetts,* 406 A.2d 70, 73 n. 2 (Me.1979), or where the remand addresses a procedural or ancillary matter distinct from the subject of the Law Court appeal. *See Wheeler v. Maine Unemployment Ins. Comm'n.,* 477 A.2d 1141, 1145 (Me.1984). We have also applied the "judicial economy" exception to the final judgment rule to allow interlocutory appeals of remand orders in special circumstances. *See Williams v. Williams,* 1998 ME 32, ¶¶ 5–7, 706 A.2d 1038, 1039–40; *Mahaney v. Miller's, Inc.,* 669 A.2d 165, 168 (Me.1995).

None of those exceptions allowing appeal of a remand order apply in this case.

[¶ 9] The remand here was to address an obvious and indisputable error, Doggett's lack of notice and opportunity to be present at the hearing to reconsider her previously granted variance. Considering the obvious flaw in the reconsideration proceeding, the remand should have promptly given Doggett the new hearing, with notice, that she had legitimately requested. Doggett's interlocutory appeal to this Court unnecessarily delayed giving her the process that she was due. Because this appeal of a remand order is an interlocutory appeal, and no exception to the final judgment rule applies, Doggett's appeal must be dismissed.

The entry is:

Appeal dismissed. Remanded to the Superior Court for remand to the Town of Gouldsboro Board of Appeals for further proceedings consistent with this opinion.