**Philip J. MALONSON**

v.

**TOWN OF BERWICK.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 25, 2003.

Decided: Dec. 19, 2003.

Durward W. Parkinson, Leah B. Rachin, Bergen & Parkinson, LLC, Kennebunk, for plaintiff.

Alan E. Shepard, Shepard & Read, Kennebunk, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, CALKINS, and LEVY, JJ.

DANA, J.

[¶ 1] The Town of Berwick appeals from a judgment of the Superior Court (York County, *Fritzsche, J.*) vacating the Berwick Planning Board's determination that Philip J. Malonson's proposal to convert a nursing care facility into a home for recovering alcoholics would not be a "boardinghouse" as that term is defined in the Berwick Land Use Ordinance. The court concluded that the proposal would be a "boardinghouse" and remanded the case to the Board to determine whether "the other requirements for a [conditional] use permit" were met.[1] Because there is no final judgment before us, we dismiss the appeal.

[¶ 2] We have long held that "appeals from court orders remanding a matter to [an] . . . administrative agency for further action are interlocutory appeals that we will not address on the merits until the

action on the remand has been completed." *Doggett v. Town of Gouldsboro,* 2002 ME 175, ¶ 8, 812 A.2d 256, 259. On rare occasions we have taken direct appeals of remand orders when the remaining action is essentially ministerial, such as the formal issuance of a permit. *E.g., Rockland Plaza Realty Corp., v. City of Rockland,* 2001 ME 81, ¶ 6, 772 A.2d 256, 259. We also recognize several narrow exceptions to the final judgment rule, but "have limited their application to extraordinary situations." *Musson v. Godley,* 1999 ME 193, ¶ 5, 742 A.2d 479, 481 (citing *State v. Maine State Employees Ass'n,* 482 A.2d 461, 464 (Me. 1984)). None of these exceptions apply here.

The entry is:

Appeal dismissed. Remanded to the Superior Court for remand to the Town of Berwick Planning Board for further proceedings consistent with this opinion.

---

1. The court also observed: "[i]f on remand the Planning Board finds that the other requirements for a use permit are met and the facility comes to be, then the neighbors and

Town officials would be justified in holding the applicant to his promises of a safe and well run program."