2006 ME 18

### STEWART TITLE GUARANTY COMPANY

v.

### STATE TAX ASSESSOR.

Supreme Judicial Court of Maine.

Argued: Jan. 24, 2006.

Decided: Feb. 28, 2006.

Thimi R. Mina, Esq. (orally), McCloskey, Mina & Cuniff, LLC, Portland, for plaintiff.

G. Steven Rowe, Attorney General, Michael Miller, Asst. Atty. Gen. (orally), Augusta, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

SILVER, J.

[¶ 1] The State Tax Assessor appeals from a judgment of the Superior Court (Kennebec County, *Studstrup, J.*) vacating the tax assessment against Stewart Title Guaranty Company for the years 1999, 2000, 2001, and 2002, and granting and denying, in part, both parties' motions for summary judgment. The court ultimately remanded the matter to the State Tax Assessor for a determination of the appropriate tax pursuant to 36 M.R.S. § 2519 (2005). The State Tax Assessor contends that the court incorrectly interpreted "gross direct premiums" as provided in 36 M.R.S. § 2513 (2005). Stewart argues that this appeal violates the final judgment rule and should be dismissed. We agree that the appeal is interlocutory and, therefore, dismiss the appeal.

[¶ 2] Between September 2002 and February 2004, the State Tax Assessor notified Stewart that it owed additional tax for the years 1999, 2000, 2001, and 2002 due to an error in its method of calculating "gross direct premiums" pursuant to 36 M.R.S. § 2513. Following the State Tax Assessor's denial of Stewart's request for reconsideration for each of the four years, Stewart filed a petition for review in the Superior Court pursuant to M.R. Civ. P. 80C and 36 M.R.S. § 151 (2005). The court interpreted "gross direct premiums" to mean the portion of "payments specifically attributed to title insurance and specifically received by the petitioner as payment for such insurance coverage." However, the court remanded the matter to the Maine Revenue Services for development of the alternate tax obligation pursuant to 36 M.R.S. § 2519.

[¶ 3] Generally, an issue is not ripe for appellate review unless the appeal is from a final judgment. *In re Erica B.*, 520 A.2d 342, 343 (Me.1987). Because the Superior Court did not fully adjudicate Stewart's

tax obligation, the court's judgment is interlocutory and not ripe for appeal. *See Malonson v. Town of Berwick,* 2003 ME 148, ¶ 2, 838 A.2d 338, 338; *Doggett v. Town of Gouldsboro,* 2002 ME 175, ¶ 8, 812 A.2d 256, 259; *Murphy v. Maddaus,* 2002 ME 24, ¶¶ 12–13, 789 A.2d 1281, 1284–85. Accordingly, we dismiss the appeal and remand to the Superior Court.

The entry is:

*Appeal dismissed.* Remanded to the Superior Court for remand to the State Tax Assessor for further proceedings. The Superior Court should retain jurisdiction to entertain any appeal from the determination of any tax pursuant to 36 M.R.S. §§ 2513, 2519.