2007 ME 98

**Kathleen LUND**

v.

**Harvey LUND.**

Supreme Judicial Court of Maine.

Submitted On Briefs: May 2, 2007.
Decided: July 31, 2007.

Dana E. Prescott, Esq., Prescott, Jamieson, Nelson & Murphy, LLC, Saco, for plaintiff.

Clayton N. Howard, Esq., Douglas Houston, Esq., Howard & Bowie, Damariscotta, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and MEAD, JJ.

CLIFFORD, J.

[¶ 1] In this consolidated appeal, Kathleen Lund appeals from two orders entered in the District Court (Portland, *Beaudoin, J.*), modifying a 1999 divorce judgment. Kathleen argues that, in its June 28, 2006, order, the court (1) erred in concluding that she is not entitled to child support from Harvey Lund pursuant to the Uniform Civil Liability for Support Act (UCLSA), 19–A M.R.S. §§ 3501–3506 (2006); and (2) abused its discretion by concluding that Harvey was not required to reimburse her for payments for a summer program for their daughter. In her appeal from the August 22, 2006, order

entered on Harvey's motion to reconsider the June 2006 order, Kathleen contends that (1) because the order was entered while the appeal of the June 2006 order was pending, the District Court's order is void ab initio for lack of jurisdiction, and (2) the court erred as a matter of law by retroactively applying 19–A M.R.S. § 2006(8)(G) (2006) to conclude that Harvey did not owe child support arrearages awarded to Kathleen in its June 2006 order. Harvey cross-appeals from the June 2006 order, contending that the court erred in failing to consider several factors in reducing any obligation he may owe to Kathleen.

## I. BACKGROUND

[¶ 2] The February 10, 1999, divorce judgment entered in the District Court (*Bradley, J.*) as to Kathleen and Harvey Lund adopted the terms of the parties' settlement agreement regarding residency of the parties' three minor children, child support, and parental rights and responsibilities. Pursuant to the settlement agreement, primary residence of the children was with Kathleen, and Harvey was required to pay child support to Kathleen as follows:

> Pursuant to the guidelines currently in effect, Harvey shall pay to Kath[leen] the sum of $175.00 per week as child support for the minor children, in accordance with the Court guidelines. When [the youngest daughter] turns age 12 on May 11, 1999, Harvey's child support obligation shall increase to $187.00 per week pursuant to the Court guidelines.[1] In addition to the child support obligation hereunder, Harvey shall contribute to the cost of clothing and extra expenses for the girls as he is able.

The child support order, issued as part of the original divorce judgment, also states:

> The child support obligation shall continue for each child until that child reaches the age of 18; provided, however, that if the child has not graduated, withdrawn, or been expelled from secondary school as defined in Title 20–A, the child support shall continue until the child graduates or reaches the age of 19, whichever occurs first.

[¶ 3] The settlement agreement also provides for the children's medical coverage as follows:

> Harvey shall maintain medical and dental insurance coverage for the children. Kathy shall maintain optical insurance for the children. The parties shall be responsible for paying all uncovered medical, dental, and optical expenses incurred for the minor children in proportion to their respective incomes pursuant to the guidelines (29% to be paid by Kath[leen] and 71% to be paid by Harvey).

[¶ 4] In June of 2000, when the first child graduated from high school, Harvey reduced his child support payments by one-third, paying $124.96 per week. In June of 2002, when the second child graduated from high school, he reduced the amount again, to $62.48 weekly. Harvey never sought a court order to reduce the child support amount, contending that his obligation under the divorce judgment was to pay child support until the child's nineteenth birthday or until the child graduated from high school.

[¶ 5] On June 11, 2004, Harvey filed a motion to modify the divorce judgment based on a change of circumstances, asserting that he is now semi-retired and

---

1. The child support worksheets attached to the child support order provide for the payment of $88 for each child aged twelve to seventeen, with Harvey responsible for 71% of this amount.

earns less than half of what he was earning at the time of the divorce judgment, and that only one of the children was still a minor. Kathleen also filed a motion to enforce and modify the child support order, including a demand, pursuant to the UCLSA, for support payments for their youngest daughter, who has a developmental disability, until she turns twenty-one. These motions, along with Harvey's additional motion to determine liability for extra expenses for a summer program attended by the parties' then-minor, youngest daughter, were heard by the District Court in May of 2006.[2]

[¶ 6] On June 28, 2006, the court issued an order on the parties' motions to modify. The court concluded that, pursuant to our decision in *Bartlett v. Anderson*, 2005 ME 10, 866 A.2d 829, Harvey could not stop paying child support for the oldest two of the three children without a court order permitting him to do so. Accordingly, the court found that Harvey owed Kathleen $19,618.72 in child support arrearages. The court did modify the support that Harvey was required to pay after June 11, 2004, the date Harvey filed his motion to modify, based on Harvey's change in circumstances, namely, his semi-retirement, and awarded Harvey $1578 plus interest for overpayments that he had made since that date.

[¶ 7] As to the summer school program fees accrued by Kathleen on behalf of their disabled youngest daughter, the court found that the program was not a "medi-cal" expense within the meaning of the settlement agreement, did not fall into the category of "extra expenses for the girls," pursuant to the settlement agreement, and that Harvey was not "able" to pay for the program at the time that the daughter attended. Therefore, the court declined to order that Harvey pay a portion of that expense.

[¶ 8] Finally, the court concluded that the UCLSA does not obligate Harvey to pay support to Kathleen beyond their disabled daughter's nineteenth birthday, and that "the remains of an eviscerated and apparently obsolete statute" do not expressly impose an obligation on a parent to pay support to another parent for a disabled child.

[¶ 9] On July 19, 2006, Kathleen filed a notice of appeal from the June 2006 order, asserting that the District Court erred in its interpretation of the UCLSA.[3] Harvey cross-appealed. On August 9, 2006, while the appeal of the June 2006 order was pending, Harvey filed in the District Court a motion to reconsider the June 2006 order and for relief from that order pursuant to M.R. Civ. P. 7(b)(5). Harvey argued that 19-A M.R.S. § 2006(8)(G), enacted by the Legislature in response to our decision in *Bartlett*, made inoperative our holding in *Bartlett* and, therefore, in the interests of judicial economy and the need to narrow the issues on appeal, the court should reconsider and recalculate the arrearage it found that Harvey owes.

---

2. Harvey also moved, after the hearing, to dismiss Kathleen's claims for future support pursuant to the Uniform Civil Liabilities Support Act (UCLSA), 19-A M.R.S. §§ 3501–3506 (2006), based on a change of circumstances, namely that the youngest daughter was no longer living with Kathleen.

3. Harvey also moved to dismiss Kathleen's appeal, arguing that Kathleen lacks standing because she is no longer a party-in-interest because their youngest daughter had reached age nineteen and had graduated from high school, and further that the appeal is moot because the daughter is no longer living with Kathleen. Kathleen objected to Harvey's motion to dismiss the appeal. We ordered that the motion to dismiss be briefed and considered along with the merits of Kathleen's initial appeal.

[¶ 10] On August 22, 2006, the District Court issued an order on Harvey's motion to reconsider, recharacterizing the motion as a motion for relief from judgment pursuant to M.R. Civ. P. 60(b), and concluding that it was timely filed. The court further concluded that, although a "Rule 60(b) motion is not one of the motions explicitly listed in M.R.App. P. 3(b) as a motion that the trial court can act on pending appeal unless it is a motion 'otherwise necessary in connection with the prosecution of the appeal,'" the court relied on a "judicial economy" exception and ordered relief from the judgment because it concluded that a mistake had been made in the June 2006 order. The court then concluded that Harvey owed *no* child support arrearages because, pursuant to the newly enacted section 2006(8)(G), Harvey was entitled to unilaterally reduce child support upon the graduation of each of his daughters, because they were eighteen years old at that time.

[¶ 11] On August 31, 2006, Kathleen filed an appeal of the August 22, 2006, order, contending that the District Court erred as a matter of law and abused its discretion in exercising jurisdiction, and in converting Harvey's motion for reconsideration to a Rule 60(b) motion; and that the District Court's actions, without notice or meaningful opportunity to respond, violated Kathleen's right to procedural due process.[4] *See* ME. CONST. art. I, § 6–A. We consolidated the appeals.

## II. DISCUSSION

### A. Appeal of the June 28, 2006, Order

#### 1. UCLSA

■ [¶ 12] Kathleen contends that the court erred by concluding that the UCLSA does not apply to her request for support for the parties' daughter, who has a disability, from age nineteen to age twenty-one. The updated version of the UCLSA, contained in its entirety at 19–A M.R.S. §§ 3501–3506, contains no provision that states that a parent has a duty to continue to support a disabled child beyond her nineteenth birthday, or that a child, or a parent on behalf of the child, can seek to enforce such a duty against an obligor parent. Accordingly, the District Court did not err in concluding that the UCLSA is not applicable, and there is no need for us to address Harvey's argument, raised in his motion to dismiss, that the issue is now moot or that Kathleen lacks standing.

#### 2. Reimbursement for a Summer Program

■ [¶ 13] Kathleen further argues that the court erred by failing to require Harvey to reimburse her for a percentage of the costs of a summer program for their disabled daughter. Pursuant to the terms of the settlement agreement, Harvey is responsible for paying a specified portion of medical expenses, and is responsible for other expenses only as he is able. The court's findings that the summer program is not a "medical expense," does not fall into the category of "other expenses for the girls," and that Harvey was not otherwise "able" to pay for the program, are not clearly erroneous. *See Lee v. Maier,* 1999 ME 62, ¶ 6, 728 A.2d 154, 156.

#### 3. Reductions in Amounts Harvey May Owe

[¶ 14] Harvey contends in his cross-appeal of the June 2006 order that the District Court erred by failing to reduce any obligation he might owe to Kathleen, based on several considerations.

**4.** Kathleen has not pursued a constitutional argument in her brief in this appeal.

[¶ 15] Harvey first asserts that he should be credited for what he alleges to be overpayments for health insurance coverage for their daughters. All of those payments occurred several years prior to his filing the motion to amend the divorce judgment. Reductions in such health care support obligations can be made retroactive only to the date that a party is served a motion to amend. *See White v. Nason,* 2005 ME 73, ¶ 15, 874 A.2d 891, 895. Accordingly, the District Court did not err in failing to reduce health care obligations paid by Harvey pursuant to an order that required him to provide the children with health care coverage prior to his motion to amend that child support order.

[¶ 16] Harvey also contends that he paid more than he was required to on a marital debt pursuant to the terms of the settlement agreement, and that the court erred when it declined to offset his child support obligation by the amount of that overpayment. "The appropriate procedure for obtaining post-judgment relief from a decree dividing marital property is a motion for relief from judgment under M.R. Civ. P. 60(b)." *Wardwell v. Wardwell,* 458 A.2d 750, 752 (Me.1983). Harvey did not move the court for relief from the judgment with respect to marital property, and the District Court did not err in failing to offset Harvey's child support obligation by an alleged overpayment of marital debt pursuant to the property settlement when the issue was not properly before the court. *See id.*

[¶ 17] In his final challenge to the June 2006 order, Harvey argues that, because the youngest daughter has been receiving disability payments, any payments that Kathleen may be entitled to receive from Harvey should be reduced pursuant to 19–A M.R.S. § 2001(5) (2006), governing gross income, or 19–A M.R.S. § 2007(3)(D) (2006), governing deviation from support guidelines. In *Ouellette v. Ouellette,* 687 A.2d 242, 243 (Me.1996), we rejected the argument that Harvey now makes that the youngest daughter's social security benefits should be counted as part of one of the parents' gross income pursuant to section 2001(5). The court also acted within its discretion when it considered the daughter's income received from social security pursuant to section 2007(3)(D), but nevertheless declined to deviate from the child support guidelines in this case. *See Ouellette,* 687 A.2d at 243.

B. Appeal of the August 22, 2006, Order

1. Unilateral Reduction of Child Support

[¶ 18] While the appeal and cross-appeal of the June 28, 2006, order amending the divorce judgment were pending, the District Court ruled on the motion filed by Harvey seeking to reduce his child support payments. The court concluded that 19–A M.R.S. § 2006(8)(G), which the parties and the court had inadvertently failed to consider in the June 2006 order, changed the law reflected in our decision in *Bartlett.* In the interests of judicial economy and the need to narrow the issues on appeal, the court recalculated the arrearage it had previously determined Harvey owed, and concluded in the August 2006 order, contrary to its June 2006 order, that Harvey was entitled to unilaterally reduce child support upon the graduation of each of his daughters, because they were eighteen years old at the time, pursuant to the amended statute.

[¶ 19] Kathleen contends that the August 2006 order is void ab initio because Harvey's motion was considered, and the order was issued, while the June 2006 order was on appeal to us. She further contends that her entitlement to child support arrearages, as previously found by

the court, had vested prior to the enactment of section 2006(8)(G), on which the District Court relied in concluding that there were no arrearages, and the statute does not retroactively abrogate vested support obligations.

### a. Authority of the District Court

 [¶ 20] Rule 3(b) of the Maine Rules of Appellate Procedure provides that "[t]he trial court shall take no further action pending disposition of the appeal by the Law Court" with limited, enumerated exceptions, none of which are applicable in the instant case.[5] There is no judicial economy exception to the limitation on the court's authority set out in M.R.App. P. 3 to allow the trial court to change a judgment or order while an appeal is still pending. The exceptions in Rule 3 focus on enforcement or contempt; in the absence of a clerical mistake in the judgment, see M.R.App. P. 3(b)(2), M.R. Civ. P. 60(a), a court has no authority to change a judgment while review of the judgment is pending appeal. The District Court erred in acting on Harvey's motion, which sought to substantially change the court's June 2006 order, while that order was on appeal. Nevertheless, because, as the District Court concluded, Harvey was entitled to unilaterally reduce his child support payments upon the graduation of each of his two older daughters, as discussed below, the District Court's error is harmless.

### b. Limited Applicability of *Bartlett*

 [¶ 21] We stated in *Bartlett,* that "[t]here is no authorization for a unilateral change in court-ordered support, without court approval, in an order covering more than one child, *except for the change contemplated by a court order pursuant to section 1653(13) [of title 19–A].*" 2005 ME 10, ¶ 17, 866 A.2d at 834 (emphasis added). Section 1653(13) provides that the court order may provide for *automatic adjustments* to child support payments "when the child attains 12 or 18 years of age; or when the child graduates, withdraws or is expelled from secondary school, attains 19 years of age or is otherwise emancipated, whichever occurs first." 19–A M.R.S. § 1653(13) (2006). In *Bartlett,* we did not address whether the child support order provided automatic adjustments to child support upon any of the events specified in section 1653(13). 2005 ME 10, ¶¶ 3, 6, 866 A.2d at 831. In this case, the child support order, issued as part of the original divorce judgment, *does* provide for adjustments upon certain events: first, when the youngest daughter turned twelve, the amount of child support was automatically increased, and Harvey did increase his payments pursuant to the order; and, second, the order provides, unambiguously:

> The child support obligation shall continue for each child until that child reaches the age of 18; provided, however, that if the child has not graduated, withdrawn, or been expelled from secondary school as defined in Title 20–A, the child sup-

---

5. Maine Rule of Appellate Procedure 3(b), entitled "docketing the appeal," states in part:
(b) Further Trial Court Action. The trial court shall take no further action pending disposition of the appeal by the Law Court except: (1) in criminal cases, the appointment of counsel for an indigent defendant; the granting of stay of execution and the fixing or revocation of bail pending appeal; and proceedings either for a new trial or for the correction of reduction of a sentence

under M.R.Crim. P. 35(a) or (c); (2) in civil cases as provided in M.R. Civ. P. 27(b) [discovery pending appeal], 54(b)(3) [attorney fees following final judgment], 60(a) [relief from judgment or order due to clerical mistakes], 62(a) [automatic stay, exceptions for injunctions and receiverships], 62(c) [order for immediate execution], 62(d) [injunction pending appeal], and in rule 5(e) of these Rules [correction or modification of record on appeal].

port shall continue until the child graduates or reaches the age of 19, whichever comes first.

[¶ 22] The two child support worksheets attached to the divorce judgment provide that the total amount owed for each of the children, after the youngest child's twelfth birthday, is the same. Accordingly, by the terms of the child support order, Harvey was entitled to adjust his overall child support obligation upon the graduation of each of the two older daughters. Although by enacting 19–A M.R.S. § 2006(8)(G), the Legislature intended to change the law as expressed in *Bartlett*, the divorce judgment in this case is not affected by the law in *Bartlett*. Pursuant to the specific terms of the divorce judgment itself, Harvey was entitled to act unilaterally to reduce his support obligation. Accordingly, Kathleen did not have a vested interest in receiving child support for the two older daughters after they had graduated from high school, and the August 2006 order is affirmed, albeit on grounds different than those relied on by the District Court.

The entry is:

The June 28, 2006, order is affirmed, except as to that part of that order amended by the August 22, 2006, order. The August 22, 2006, order is affirmed.