2007 ME 105

**Ronald L. PEAKER**

v.

**CITY OF BIDDEFORD.**

Supreme Judicial Court of Maine.

Submitted on Briefs: June 13, 2007.

Decided: Aug. 9, 2007.

Ronald Peaker, Biddeford, for the plaintiff.

Keith R. Jacques, Smith, Elliott, Smith & Garmey, P.A., Saco, for the defendant.

Kristin M. Collins, Maine Municipal Association, Augusta, for Amicus Curiae.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, CALKINS, SILVER, and MEAD, JJ.

SAUFLEY, C.J.

[¶ 1] The City of Biddeford appeals from a judgment entered in Superior Court (York County, *Fritzsche, J.*) vacating the decisions of the Biddeford Board of Assessment Review and remanding for abatement of property taxes with regard to the waterfront property of Ronald and Barbara Peaker for tax years 2004–05 and 2005–06. We dismiss the appeal as interlocutory.

## I. BACKGROUND

[¶ 2] The Peakers own property with a house and land at 4 Winter Harbor Lane in Biddeford. The property consists of a single-family residence built in 1995, located on a private road, comprising 24,377 square feet of land. The property has ninety-five feet of frontage on a tidal pool. In 2004, the assessed value of the Peakers' land rose and their property taxes increased. The taxed value of the Peakers' land for the 2004–05 tax year totaled $374,700,[1] representing, in the City's determination, "approximately eighty five percent (85%) of the fair market value of [the Peakers'] land."

[¶ 3] The Peakers filed a request for a 2004–05 tax abatement with the Biddeford Assessor. In their request, the Peakers pointed to a number of vacant lots and one other lot with a building, all of which, they asserted, were valued at substantially less than their property's value. The Assessor denied the abatement request by letter dated January 24, 2005.

[¶ 4] The Peakers then filed an appeal to the Biddeford Board of Assessment Review. The Assessor submitted a one-page letter explaining to the Board that his "reason[ ] for the denial was that all improved sites were adjusted at the same rate." The Board held a hearing on the Peakers' requested abatement and denied the request by letter dated April 26, 2005, without providing any findings of fact or conclusions of law in its decision.[2]

[¶ 5] On May 18, 2005, the Peakers filed an appeal from the Board's decision, pursuant to M.R. Civ. P. 80B. After briefing and argument, the Superior Court remanded the matter to the Board for findings sufficient for appellate review. The Board then issued written findings in a letter dated December 20, 2005. In the letter, the Board explained that it had held a public hearing on the remand on October 27, 2005, at which all Board members who had participated in the original decision had met and determined that an additional hearing was unnecessary.[3] Mr. Peaker was present at the October 27, 2005, hearing. The Board was provided with a record from the April 21, 2005, hearing, including a transcript of the hearing and copies of the documents submitted. The Board then adjourned and "members later reported their findings to the board secretary." On the basis of that process, the Board reported the following conclusions:

1. The Applicant failed to show that the [A]ssessor used a different method of valuing his property than any other property in the city of Biddeford;

2. The City's assessment of the Applicant's property is consistent with that of comparable properties; and

3. The Applicant did not submit sufficient evidence to meet his burden of proof in showing that his property is substantially overvalued.

[¶ 6] During the proceedings regarding the 2004–05 tax year, the City's assessed value of the Peakers' property remained $374,700 for 2005–06. On January 17, 2006, the Peakers filed a request for a 2005–06 tax abatement with the Assessor.

---

1. There is some discrepancy in the record regarding the assessed value of the Peakers' land. In different instances, it is reported as either $374,700 or $374,800. However, for purposes of our decision, the exact value is irrelevant.

2. The Board's communication was quite stark. It states: "The purpose of this letter is to notify you that the Board of Assessment Review DENIED your abatement appeal at their meeting on April 21, 2005."

3. No transcript of this hearing was provided on appeal.

The Assessor denied the Peakers' request by letter dated March 8, 2006. The Peakers requested a hearing before the Board of Assessment Review by letter dated April 20, 2006. The Board did not hold a hearing and the application was "deemed denied," pursuant to 36 M.R.S. § 843(1) (2006).[4] On July 17, 2006, the Peakers filed a second appeal with the Superior Court. The court held oral argument on both matters and issued a judgment regarding both appeals.

[¶ 7] The court found that the Board's findings regarding the 2004–05 tax year were "still deficient for two reasons." First, the Board's letter did not indicate what the *actual* consensus was, since no vote was ever taken. The court explained that the Board's method of adjourning and having its members report their findings to the board secretary "has the potential, while accurately reflecting the result, to not accurately state the reasoning of the Board or to reflect the actual reasoning of the members."

[¶ 8] Second, the court found that "the decision on remand is only a modest improvement on the first decision." Specifically, the court found that "[w]hile [the second] decision is better, it in essence states that the Peakers' request is denied because they did not prove their case, it does not address a central issue of whether nearby properties are substantially undervalued." Based on the evidence presented by the Peakers, the court concluded that the Peakers had demonstrated unjust discrimination because they had put forth evidence that their property was over-valued and that evidence had not been rebutted. Specifically, the court found: "In this case Mr. Peaker presented evidence that ocean front property in his area was substantially [undervalued].[5] That evidence was not effectively rebutted as the evidence demonstrated a high sale price and dramatically lower valuation for a property at map 56–13."

[¶ 9] With regard to the Board's decision regarding the 2005–06 tax year, the court found that a remand for further findings was unnecessary because the Peakers have had hearings and already developed a record to support their claims. Thus, the court also vacated that decision and remanded the abatement proceeding to the Board for purposes of granting an abatement, leaving to the City the task of determining the amount of abatement.

[¶ 10] The City then filed its appeal of the court's judgment on both tax years.

## II. DISCUSSION

### A. Lack of Finality

[¶ 11] The Superior Court vacated the decisions of the Board as to both tax abatements and remanded for further action by the City. Although the court did order that the City must grant abatements in each year, it did not determine the amount of the abatements, leaving that to the City. Thus, the City must undertake a review of the assessments and calculate an abatement. Its actions will involve evaluation of evidence, mathematical calculations, and use of the Board's collective judgment to assign appropriate values to the Peak-

---

4. Title 36 M.R.S. § 843(1) (2006) provides:
 § 843. Appeals.
 (1) Municipalities.... If the board of assessment review fails to give written notice of its decision within 60 days of the date the application is filed, unless the applicant agrees in writing to further delay, the application is deemed denied and the applicant may appeal to Superior Court as if there had been a written denial.

5. The court originally used the phrase "undeveloped," but determined, on a motion to amend, that the correct word was "undervalued."

ers' land. In other words, the matter is by no means finally resolved by the Superior Court's judgment.

[¶ 12] "We have long held that appeals from court orders remanding a matter to an administrative agency for further action are interlocutory appeals that we will not address on the merits until the action on the remand has been completed." *Malonson v. Town of Berwick,* 2003 ME 148, ¶ 2, 838 A.2d 338, 338 (alteration omitted) (quotation marks omitted). In the few exceptions to this rule that we have allowed, we have done so only where the action on remand "would be essentially ministerial, such as a remand order to make a specific amendment to a judgment ... or where the remand addresses a procedural or ancillary matter distinct from the subject of the Law Court appeal." *Doggett v. Town of Gouldsboro,* 2002 ME 175, ¶ 8, 812 A.2d 256, 259.

 [¶ 13] In the matter before us, the Superior Court remanded the tax abatement request to the Biddeford Board of Assessment Review to grant "such reasonable abatement as the [B]oard thinks proper." This is not simply a ministerial task. It requires the Board to assess the proper amount of the abatement. Furthermore, this is not a collateral matter; whether to grant the abatement is the central issue in this case and on appeal. Finally, as it stands, the Board's findings may be insufficient for review by this Court.[6] A remand will allow the City to review the facts, exercise its judgment, within the parameters of the Superior Court's remand, and articulate findings

that are sufficient to permit meaningful appellate review.

The entry is:

Appeal dismissed as interlocutory.

---

6. "Meaningful judicial review of an agency decision is not possible without findings of fact sufficient to apprise the court of the decision's basis." *Ram's Head Partners, LLC v. Town of Cape Elizabeth,* 2003 ME 131, ¶ 16, 834 A.2d 916, 921 (quotation marks omitted).

"When the denial of a tax abatement is not supported by factual findings that are adequate to permit meaningful appellate review, we will vacate the decision and remand for findings." *Id.*