950 A.2d 764 (2008)
2008 ME 98
Ronald L. PEAKER
v.
CITY OF BIDDEFORD.
Supreme Judicial Court of Maine.
Submitted on Briefs: April 30, 2008.
Decided: June 12, 2008.
Keith R. Jacques, Esq., Smith Elliott Smith & Garmey, Saco, ME, for the City of Biddeford.
Ronald Peaker, Biddeford Pool, ME, pro se.
Kristin M. Collins, Esq., Maine Municipal Association, Augusta, ME, for amicus Maine, Municipal Association.
Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and MEAD, JJ.
LEVY, J.
[¶ 1] The City of Biddeford appeals from a decision of the Biddeford Board of Assessment Review granting tax abatements to Ronald L. Peaker, entered following a remand order of the Superior Court (York County, Fritzsche, J.) that vacated the Board's initial decision to deny the property tax abatements. We dismiss the appeal because it is taken directly from the Board's decision, and not from a final judgment of the Superior Court.

I. BACKGROUND
[¶ 2] The facts of this case are explained in detail in our previous opinion in the matter, Peaker v. City of Biddeford, 2007 ME 105, 927 A.2d 1169. Accordingly, we only briefly recite the facts as necessary to our resolution of the present appeal.
[¶ 3] Ronald and Barbara Peaker sought a tax abatement on their property located at 4 Winter Harbor Lane in Biddeford for tax year 2004-2005. After denial of this abatement request by both the Biddeford Assessor and the Biddeford Board of Assessment Review, Ronald Peaker appealed to the Superior Court pursuant to M.R. Civ. P. 80B. The Superior Court *765 remanded the appeal to the Board for further findings. During the proceedings with respect to tax year 2004-2005, Peaker filed a second request for abatement for tax year 2005-2006. This request was deemed denied due to Board inaction. Peaker thereafter filed a second 80B appeal with respect to his second abatement request.
[¶ 4] The Superior Court subsequently decided the two appeals together. Although the Board had made further findings with respect to the 2004-2005 abatement request, these findings consisted of little more then conclusory statements reflecting the Board's decision that Peaker had failed to establish unjust discrimination in the valuation of his property. The Superior Court noted that the findings of the Board were still deficient, but concluded that Peaker had established his entitlement to abatements for both tax years. Accordingly, the Superior Court remanded to the Board for the purpose of determining the proper amount of the abatements.
[¶ 5] The City appealed the decision of the Superior Court, and we dismissed the appeal as interlocutory because, as a result of the Superior Court's remand to the Board, the judgment was not yet final. Peaker, 2007 ME 105, ¶ 13, 927 A.2d at 1172.
[¶ 6] After we dismissed the City's appeal, the Board held a hearing on September 26, 2007, attended by members of the Board, Ronald Peaker, the Assessor, and the City Solicitor. On November 19, 2007, the Board issued a written decision granting Peaker abatements for both tax years in the amounts he had requested. The City then appealed directly to us on December 7, 2007.

II. DISCUSSION
[¶ 7] Rule 80B provides the procedure by which a party may obtain review of governmental action, including review of a decision of a board of assessment review, in the Superior Court. See 36 M.R.S. § 843(1) (2007). After decision by the Superior Court, a party may usually appeal to this Court pursuant to M.R. Civ. P. 80B(m). This Rule provides, however, that "[i]f the Superior Court remands [a] case for further proceedings, all issues raised on the Superior Court's review of the governmental action shall be preserved in a subsequent appeal taken from a final judgment entered on review of such governmental action." M.R. Civ. P. 80B(m) (emphasis added); see also Malonson v. Town of Berwick, 2004 ME 96, ¶ 4, 853 A.2d 224, 226 (providing that a judgment was final where, after action by the board on remand, the Superior Court entered its previous judgment as final). Accordingly, an appeal to the Law Court must be taken from a final judgment of the Superior Court. A party may not bypass the requirement of obtaining a final judgment from the Superior Court by appealing directly to us.
[¶ 8] We must dismiss the present appeal because the City did not appeal from the Board's decision granting Peaker tax abatements to the Superior Court and has not secured a final judgment. Accordingly, the Superior Court has not yet conducted its review, pursuant to M.R. Civ. P. 80B, of the Board's decision granting the abatements and we lack jurisdiction to consider this appeal in its present posture.
The entry is:
Appeal dismissed.