2008 ME 116

**STATE of Maine**

v.

**Dwayne STEVENS.**

Supreme Judicial Court of Maine.

Argued: Jan. 16, 2008.

Decided: July 15, 2008.

Evert N. Fowle, District Attorney, Alan P. Kelley, Asst. Dist. Atty. (orally), Prosecutorial District IV, Augusta, ME, for the State of Maine.

Sherry Tash, Esq. (orally), Hainke & Tash, Whitefield, ME, for Dwayne Stevens.

Panel: SAUFLEY, C.J., and CLIFFORD, LEVY, SILVER, MEAD, and GORMAN, JJ.

SILVER, J.

[¶ 1] The State appeals from a judgment of the Superior Court (Kennebec County, *Mills, J.*) granting Dwayne Stevens's motion to dismiss with prejudice his indictment for operating under the influence (Class C), 29-A M.R.S. § 2411(1–A)(D)(2) (2005).[1] On appeal, the State contends that (1) it timely filed its motion to amend the indictment in accordance with the pertinent court order, and (2) the Superior Court's granting of Stevens's motion to dismiss with prejudice was without legal basis. We clarify the rule regarding the docketing of mandates and conclude that the State did timely file its motion in

---

1. Stevens was arrested on or about June 10, 2005, and was indicted on September 7, 2005. We therefore apply the version of 29–A M.R.S. § 2411(1–A)(D)(2) (2005) in effect at that time.

accordance with the pertinent court order. We must therefore vacate the court's dismissal of Stevens's indictment.

## I. CASE HISTORY

[¶ 2] In 1985, Dwayne Stevens was operating a motor vehicle while having a .27% blood alcohol content, and caused an accident in which his mother was killed. In 1986, he was convicted of manslaughter for this accident. On June 10, 2005, a detective with the Augusta Police Department observed a vehicle driven by Stevens that did not have any taillights. The detective stopped the vehicle. The detective observed that Stevens had bloodshot eyes, slurred speech, and an odor of alcohol. Field sobriety tests indicated impairment. An intoxilyzer test indicated that Stevens had a blood alcohol content of .28%.

[¶ 3] On September 7, 2005, Stevens was indicted for operating under the influence. The State charged Stevens with a Class C violation based on his prior criminal homicide conviction in 1986. On October 3, 2005, Stevens moved to dismiss the indictment. He argued that, based on 17–A M.R.S. § 9–A (2007), the State was prevented from using his prior conviction because it occurred more than ten years before his instant alleged criminal activity. The effect of using this prior conviction, argued Stevens, would be to enhance his sentence, something the State, because of the ten-year rule, was prohibited from doing.

[¶ 4] On November 30, 2005, the Superior Court (*Studstrup, J.*) granted Stevens's motion in part, stating "a prior conviction sufficient to trigger the enhancement of subsection (D) [of 29–A M.R.S. § 2411] must have occurred within 10 years prior to the date of the current offense to be considered." The court also noted, however, that the indictment could be rectified by an amendment that eliminated the prior conviction language, or

alternatively, the State could simply choose to bring a new charge of Class D operating under the influence by way of complaint. The court gave the State thirty days "to notify the defendant and the court as to how it wishes to proceed. If no notice is given, the motion will be granted and the indictment will be dismissed."

[¶ 5] The State appealed from that judgment to us. In that appeal, *State v. Stevens*, 2007 ME 5, 912 A.2d 1229, we examined 29–A M.R.S. § 2411(1–A)(D)(2), under which Stevens was charged with the Class C violation, and 17–A M.R.S. § 9–A(3), which imposed the ten-year limitation on the use of prior convictions. We concluded that whether the ten-year rule applied in Stevens's case was ambiguous, but that the rule of lenity applied, and we therefore resolved the ambiguity in Stevens's favor. We affirmed the Superior Court's order in a decision of January 9, 2007. Our mandate was not docketed in the Superior Court until February 12, 2007.

[¶ 6] On March 14, 2007, the State filed a motion to amend Stevens's indictment. This amendment was to conform to the Superior Court's decision of November 30, 2005, by removing language pertaining to Stevens's 1986 homicide conviction. This would have the effect of reducing Stevens's current charge from a Class C to a Class D offense.

[¶ 7] On March 16, 2007, Stevens filed both an objection to the State's motion to amend, and a motion to dismiss. Stevens argued that the State's motion to amend was untimely because it did not comply with the Superior Court's order allowing the State thirty days to amend its indictment. Stevens argued that because the State failed to meet the court's deadline the court should dismiss his case in its entirety with prejudice. Stevens also ar-

gued that there was unnecessary delay in bringing his case to trial, and therefore the court should dismiss his case with prejudice both pursuant to M.R.Crim. P. 48(b)(1), and based on Stevens's right to a speedy trial.

[¶ 8] On May 15, 2007, the court issued its order on the State's motion to amend and Stevens's motion to dismiss. The court dismissed the indictment with prejudice, reasoning that because the court originally could have dismissed the indictment without prejudice but instead specified the alternative of amending the indictment or filing a new complaint within the stated thirty-day period, the original decision was intended to be a final termination of this prosecution if the State did not act during the time period allowed.

[¶ 9] On or about May 29, 2007, the State filed a motion for reconsideration, arguing that it moved to amend in a timely manner. The State claimed that under M.R.App. P. 2(b)(1), a judgment or order is entered when it is placed on the docket, and that our mandate was not docketed in the Superior Court until February 12, 2007. The State filed its motion to amend on March 14, 2007, which was the thirtieth day after the mandate was docketed.

[¶ 10] Stevens filed an objection to the State's motion for reconsideration, arguing, among other things, that the thirty-day period began to run when we issued our mandate on January 9, 2007, not when it was docketed, on February 12, 2007.

[¶ 11] On June 12, 2007, the court denied the State's motion for reconsideration. The State's appeal to us followed.

## II. DISCUSSION

[¶ 12] We review a trial court's decision of law de novo. *State v. Eaton*, 669 A.2d 146, 149 (Me.1995). We will vacate such decisions if they are in error as a matter of law. *State v. DeCoster*, 653 A.2d

891, 895 (Me.1995); *Phillips v. Gregg*, 628 A.2d 151, 152 (Me.1993).

[¶ 13] The first issue here concerns the date upon which the thirty-day judicially imposed period began to run— November 30, 2005 (the date of the initial order setting forth the thirty-day deadline); January 9, 2007 (the date that we rendered our decision on the State's first appeal); or February 12, 2007 (the date that our decision in that case was docketed in the Superior Court).

[¶ 14] The operative rules are M.R.App. P. 3(b) and M.R.Crim. P. 38(c). Neither rule indicates a resolution to this issue with absolute clarity, but both are instructive. M.R.App. P. 3(b) states that "[t]he trial court shall take no further action pending disposition of the appeal by the Law Court except [in various enumerated but inapplicable circumstances]." M.R.Crim. P. 38(c) states "[i]f a judgment is affirmed on appeal, a court-ordered stay under subdivision (a) or (b) automatically terminates when the mandate of the appellate court is entered in the criminal docket of the trial court." Subdivisions (a) and (b) refer to sentences involving imprisonment, probation or administrative release and alternatives to such sentences.

[¶ 15] Although we have not had occasion to rule directly on this issue, we have previously noted that the date upon which a trial court can take further action after an appeal to the Law Court is the point at which the appeal is no longer pending in the Law Court. *Lund v. Lund*, 2007 ME 98, ¶ 20, 927 A.2d 1185, 1192; *Doggett v. Town of Gouldsboro*, 2002 ME 175, ¶ 5, 812 A.2d 256, 258.

[¶ 16] The pendancy of Law Court proceedings ceases at the point that the mandate is docketed in the trial court. Before the entry of a mandate appears on the trial court's docket, the trial court's

authority to take further action is limited. *See* M.R.App. P. 3(b). Thus, in this case, the trial court did not have power to take action until our final mandate in *Stevens I* appeared on its docket on February 12, 2007. Accordingly, we conclude that the date of docketing was the date from which the State's thirty days to amend its indictment began to run. The State's motion to amend the indictment was filed on March 14, 2007, just under the original thirty-day deadline provided by the Superior Court. The State therefore timely filed its motion in accordance with the court's original order.

[¶ 17] With this clarification of the point from which the trial court's original order ran, we conclude that the State timely filed its motion to amend. We need not decide whether the Superior Court (*Mills, J.*) correctly interpreted the original order of the Superior Court (*Studstrup, J.*) to mean that, if the State failed to amend its indictment within thirty days, the indictment would be dismissed with prejudice.[2]

The entry is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.

---

**2.** Although we need not decide whether the court intended the dismissal to be with or without prejudice in this case, we are mindful that confusion can result when a court dismisses a criminal charge before trial without specifying whether the dismissal is with or without prejudice. The best practice for a court is to indicate in its order whether a dismissal will be with or without prejudice.