MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2020 ME 111
Docket:      Cum-20-227
Argued:      September 3, 2020
Decided:     September 8, 2020

Panel:       MEAD, GORMAN, JABAR, HUMPHREY, and HORTON, JJ.

DAVID A. JONES et al.

v.

SECRETARY OF STATE et al.

PER CURIAM

[¶1]  On August 24, 2020, the Superior Court (Cumberland County, *McKeon, J.*) entered a judgment on a petition for judicial review brought by David A. Jones and others (collectively, "Jones") to challenge a decision of the Secretary of State.  *See* 5 M.R.S. § 11001 (2020); 21-A M.R.S. § 905(2) (2020); M.R. Civ. P. 80C.  The court vacated the Secretary of State's determination that insufficient signatures had been collected to place on the November 2020 ballot a people's veto of An Act to Implement Ranked-choice Voting for Presidential Primary and General Elections in Maine, P.L. 2019, ch. 539.

[¶2]  Both the Secretary of State and intervenors The Committee for Ranked Choice Voting and three individuals (collectively, "Committee") have moved to stay the execution of the Superior Court's judgment pending their

appeals to us from that judgment. The Committee argues that a stay of the court's judgment is automatically in place pursuant to Rule 62(e) of the Maine Rules of Civil Procedure, and argues alternatively that, if there is no automatic stay, we should enter an order staying the execution of the Superior Court's judgment because "the Superior Court decision erroneously and inadvertently included at least 162 signatures that the Secretary's tally of signature[] totals failed to account." The Secretary of State argues only that we should enter an injunction in the form of a stay pursuant to Rule 62(g) in order to "preserve the status quo or the effectiveness of the judgment subsequently to be entered."[1] Jones has filed an opposition to both motions, asserting that judgments entered by the Superior Court on petitions for judicial review of final agency action are not subject to the automatic stay pending appeal but rather are subject only to the stay provisions of 5 M.R.S. § 11004 (2020), and that we should not order a stay as a form of injunctive relief.

---

[1] Rule 62(g) provides,

> **(g) Power of Reviewing Court Not Limited.** The provisions in this rule do not limit any power of the Superior Court or Law Court during the pendency of an appeal to suspend, modify, restore, or grant an injunction or to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered.

[¶3]    Because we conclude that execution of the judgment is automatically stayed upon appeal, we do not reach the arguments regarding injunctive relief.  We dismiss both motions to stay as moot.

[¶4]    Rule 62 governs the stay upon appeal of proceedings in Maine courts.  It provides, in pertinent part,

> **(e) Stay Upon Appeal.**  Except as provided in subdivisions (c) and (d) of this rule, the taking of an appeal from a judgment shall operate as a stay of execution upon the judgment during the pendency of the appeal, and no supersedeas bond or other security shall be required as a condition of such stay.

M.R. Civ. P. 62.[2]  Thus, pursuant to Rule 62(e), the docketing of an appeal will ordinarily operate as a stay of a trial court's order, including with respect to an

---

[2] The exceptions to the stay set forth in Rule 62(c) and (d) are as follows:

> **(c) Order for Immediate Execution.**  In its discretion, the court on motion may, for cause shown and subject to such conditions as it deems proper, order execution to issue at any time after the entry of judgment and before an appeal from the judgment has been taken or a motion made pursuant to Rule 50, 52(b), 59, or 60; but no such order shall issue if a representation, subject to the obligations set forth in Rule 11, is made that a party intends to appeal or to make such motion.  When an order for immediate execution under this subdivision is denied, the court may, upon a showing of good cause, at any time prior to appeal or during the pendency of an appeal order the party against whom execution was sought to give bond in an amount fixed by the court conditioned upon satisfaction of the damages for delay, interest, and costs if for any reason the appeal is not taken or is dismissed, or if the judgment is affirmed.

> **(d) Injunction Pending Appeal.**  When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

4

administrative appeal. *See Doggett v. Town of Gouldsboro*, 2002 ME 175, ¶ 6, 812 A.2d 256 (holding that an appeal to us from a municipal decision pursuant to M.R. Civ. P. 80B "suspend[ed] the trial court's authority over the matter and stay[ed] the effect" of its remand to a municipality); *cf. Hawkes Television, Inc. v. Me. Bureau of Consumer Credit Prot.*, 462 A.2d 1167, 1169 (Me. 1983) (dissolving an injunction that the Superior Court issued in a Rule 80B case while the matter was automatically stayed pending appeal to us).

[¶5]  Jones has not filed a motion for immediate execution of the judgment in the Superior Court.[3]  *See* M.R. Civ. P. 62(c).  Jones urges us to conclude, however, that the Superior Court, in vacating the Secretary of State's decision, entered an order "granting, dissolving, or denying an injunction"—a decision that is not subject to the automatic stay pending appeal.  M.R. Civ. P. 62(d), (e).[4]  Jones argues that M.R. Civ. P. 81(c) requires us to treat the

---

[3]  Nor has Jones otherwise sought to expedite matters at any time during the proceedings before the Superior Court.  We note that motions to the trial court pursuant to Rule 62(c) or (d)—which are excepted from the automatic stay pending appeal—should precede any motion requesting that we exercise our authority pursuant to Rule 62(g).  *See* 3 Harvey & Merritt, *Maine Civil Practice* § 62:8 at 320 (3d, 2019-2020 ed. 2019) ("Resort to the appellate court under this Rule should only be sought when relief cannot be had in the trial court."); *see, e.g.*, *Senty v. Bd. of Osteopathic Examination & Registration*, 594 A.2d 1068, 1069 (Me. 1991) (issuing a stay, after the trial court refused to do so, of an injunction that required the issuance of a professional license and ordering an expedited briefing schedule).

[4]  Jones also contends that "execution" of a judgment means only the execution of a judgment for money damages, citing M.R. Civ. P. 69.  Rule 62 does not, however, reference Rule 69 as a limit on the meaning of "execution," and the exceptions included in Rule 62(a)—for injunctions and receiverships, as well as orders "relating to the care, custody and support of minor children or to the

Superior Court's order as an injunction. Rule 81(c) does not, however, provide that all administrative appeals are to be construed as seeking injunctions; rather it establishes new procedural mechanisms to replace outmoded writs:

> **Scire Facias and Certain Extraordinary Writs Abolished.** The writs of scire facias, mandamus, prohibition, certiorari, and quo warranto are abolished. Review of any action or failure or refusal to act by a governmental agency, including any department, board, commission, or officer, shall be in accordance with procedure prescribed by Rule 80B. Any other relief heretofore available by any of such writs may be obtained by appropriate action or motion under the practice prescribed by these rules. In any proceedings for such review or relief in which an order that an agency or other party do or refrain from doing an act is sought, all provisions of these rules applicable to injunctions shall apply.

M.R. Civ. P. 81(c). The rule thus makes clear that (1) the named writs are abolished, (2) the Rules supply a new process for judicial review of governmental agency actions, and (3) any other relief previously available pursuant to the now-abolished writs may be obtained under the Rules of Civil Procedure, with any request for a party to do or refrain from doing an act to be brought as a claim for injunctive relief. *See id.*; *see also* 3 Harvey & Merritt, *Maine Civil Practice* §§ 81:8-81:12 at 569-74 (3d, 2019-2020 ed. 2019). The rule does not, however, convert every Rule 80B or Rule 80C action into a claim

---

separate support or personal liberty of a person or for the protection of a person from abuse or harassment"—make clear that all types of judgments not listed are subject to the automatic stay of execution pending appeal. M.R. Civ. P. 62(a), (e).

6

for injunctive relief, and certainly in the matter before us, the test for granting

an injunction has not been applied.[5]  Jones never requested injunctive relief,

and the court did not reach findings of irreparable injury, balance any

competing harms, or consider the public interest.  *See Bangor Historic Track,*

*Inc. v. Dep't of Agric., Food & Rural Res.*, 2003 ME 140, ¶ 9, 837 A.2d 129.

[¶6]  Jones and the Secretary of State further contend that the Superior

Court's judgment is not automatically stayed because in *National Organization*

*for Marriage v. Commission on Governmental Ethics and Elections Practices*,

2015 ME 103, 121 A.3d 792, we held that an *agency's decision* was not stayed

pending appeal.  We were not asked in that case to review whether the *Superior*

*Court's* judgment was automatically stayed.  *Id.* ¶¶ 1-2.  Rather, we held there

that the *agency's* decision was not a "judgment" as defined in M.R. Civ. P. 54(a),

and that the petition for judicial review filed in the Superior Court did not

effectuate an automatic stay of the agency's decision, nor did an appeal from

---

5  An injunction may be issued only if the court finds that "(1) [the moving party] will suffer irreparable injury if the injunction is not granted; (2) such injury outweighs any harm which granting the injunctive relief would inflict on the other party; (3) [the moving party] has a likelihood of success on the merits (at most, a probability; at least, a substantial possibility); and (4) the public interest will not be adversely affected by granting the injunction." *Bangor Historic Track, Inc. v. Dep't of Agric., Food & Rural Res.*, 2003 ME 140, ¶ 9, 837 A.2d 129.  To the extent that we have exercised the authority to suspend an injunction entered in a Rule 80C matter, we have done so when the trial court found in the plaintiff's favor on an independent claim for injunctive relief.  *See Senty*, 594 A.2d at 1069 (staying an injunction that required the issuance of a professional license and ordering an expedited briefing schedule); *see also* M.R. Civ. P. 62(g).

that Superior Court decision to us. *See Nat'l Org. for Marriage*, 2015 ME 103, ¶¶ 10-11, 121 A.3d 792. Rather, to obtain a stay of an agency's decision, a party must request the stay from the agency or, if such a request is impracticable or is denied by the agency, from the Superior Court. 5 M.R.S. § 11004; *Nat'l Org. for Marriage*, 2015 ME 103, ¶ 11, 121 A.3d 792.

[¶7] Here, because the "petition for review shall not operate as a stay of the final agency action pending judicial review," 5 M.R.S. § 11004, and no stay was granted by the Secretary of State or the Superior Court, the agency action has plainly not been stayed. An automatic stay of the Superior Court's judgment *is* in place, however, while the present appeal is pending. *See* M.R. Civ. P. 62(e).

[¶8] Thus, the motions to stay seek relief that Rule 62(e) already provides, and we dismiss them as moot. *See In re Involuntary Treatment of K.*, 2020 ME 39, ¶ 9, 228 A.3d 445 (stating that "issues are moot . . . when they have lost their controversial vitality, and [a] decision would not provide . . . any real or effective relief" (quotation marks omitted)).

[¶9] Because an automatic stay is in place, the motions to stay are dismissed.

The entry is:

> Motions to stay dismissed.

8

James G. Monteleone, Esq. (orally), and Matthew J. Saldaña, Esq., Bernstein Shur, Portland, for appellants The Committee for Ranked Choice Voting et al.

Phyllis Gardiner, Esq. (orally), Office of the Attorney General, Augusta, for appellant Secretary of State

Patrick N. Strawbridge, Esq. (orally), Consovoy McCarthy PLLC, Boston, Massachusetts, for appellees David A. Jones, et al.

Cumberland County Superior Court docket number AP-20-16
FOR CLERK REFERENCE ONLY